### In re Appointment of Supervisors of Election.

(*Circuit Court, S. D. New York.* October 5, 1881.)

1. SUPERVISORS—REPRESENTATIVE ORGANIZATIONS.

The rule, in case a question arises in respect to what political organization should be recognized by the court in appointing supervisors under the Revised Statutes, is that the organization which was recognized by the last state convention of the party is entitled to be considered as its representative organization; subject, however, to modification by a change of circumstances. *Held, therefore,* that in the light of events that have occurred since the last state convention of the democratic party, the organization known as "The New York County Democracy" will be regarded as now representing the democratic party in the city and county of New York.

*William C. Whitney,* for the New York County Democracy.

*Charles W. Brooke,* for the Democratic Organization of the City and County of New York.

BLATCHFORD, C. J. The requirement of section 2012 of the Revised Statutes is that the two supervisors of election, in each election district, "shall be of different political parties." By section 2026 the chief supervisor of elections is required to receive the applications of all parties for appointment as supervisors of election, and to present such applications to the judge, and furnish information to him in respect to the appointment by the court of such supervisors of election. A question has now arisen as to who shall be appointed supervisors from the democratic party in the city of New York, at the coming election, in two congressional districts. Applications are made by persons belonging to an organization called "The New York County Democracy," and also by persons belonging to an organization called "The Democratic Organization of the City and County of New York." The former organization has come into existence since the last democratic state convention was held. Delegates representing "The Democratic Organization of the City and County of New York" were recognized and admitted to seats at the last democratic state convention, and were the only delegates recognized by the con-

vention as representing the democratic party in the city and county of New York.

Whenever a question has arisen heretofore in respect to what political organization should be recognized by the court in appointing supervisors, as entitled to be considered as the regular representative organization of the political party, the practice has been to recognize that one which was recognized by the last state convention of the party. It has been thought wise to recognize some one organization as entitled to represent the political party, and to ask that members of its organization, recommended by it, and those only, provided they were fit and proper persons, and met the requirements of the statute, should be appointed the supervisors from such political party; and no rule more likely to effect a just result, and to meet with general acquiescence, could be suggested than the one above referred to. But, like every general rule, it must be modified by a change of circumstances. If such general rule were to be applied to the present case, without reference to any circumstances which have transpired since the last democratic state convention was held, the organization called "The Democratic Organization of the City and County of New York" would be recognized as the regular representative organization of the democratic party in the city and county of New York; but it has been made clearly to appear to the court that, since the last democratic state convention was held, such proceedings have been duly and regularly had, by proper and authorized representatives of "The Democratic Organization of the City and County of New York," that, although that organization may still formally exist, the new organization called "The New York County Democracy" must be regarded as representing it and its members, and as the only organization now recommending persons to be appointed as supervisors from the democratic party, which ought to be recognized by the court as the regular representative organization of the democratic party in the city and county of New York. Therefore, the persons recommended by the organization called "The New York County Democracy" will, if fit and proper persons, and meeting the requirements of the statute, be appointed by the court as supervisors from the democratic party.