# CASES DETERMINED

IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### NOVEMBER TERM, 1893.

---

THE STATE, EX REL. LOUCKS ET AL., v. BRADSHAW ET AL.

The act entitled "An act to create county boards of license commissioners and to define their powers and duties," is unconstitutional, as it is local in its operation.

On *quo warranto*. On demurrer to information.

Argued at February Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the relators, *David J. Pancoast.*

For the defendants, *Alfred Hugg.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The information in this case presents, and was intended to present, but a single question of law, viz., whether the statute entitled "An act to create

county boards of license commissioners and to define their powers and duties," is constitutional or not. This act was approved March 20th, 1891. *Pamph. L., p.* 221.

One objection urged against this law is that its provisions are special and local.

The general purpose of the law thus challenged is to provide boards of license commissioners to be appointed by the governor, whose powers are thus defined : That they "shall have general supervision and control of the wholesale and retail sale of spirituous, vinous and malt liquors, except where license for the sale thereof has been or may hereafter be granted by a court in their respective counties."

It is now contended that, by this exceptive clause, the operation of the act is confined to certain localities, and is, therefore, unconstitutional.

And this court is of opinion that this position is well taken. It is obvious that there is nothing in the subject-matter of this legislation that, from its inherent nature, would make it apposite to some counties and not to others. The fact that in some counties licenses of the kind in question are granted by a court and in others proceed from other authorities, is a purely arbitrary distinction, and as such cannot be laid as the basis of a classification for the purposes of legislation regulating the internal affairs of our counties. This principle has been so often and fully expounded in the decisions of this court that all discussion on the subject would be superfluous.

This is the ground upon which the present judgment holding the act unconstitutional is placed.

It is not necessary to decide the other ground of objection to the statute in question.

Let judgment be entered in favor of the attorney-general.