THE STATE, EX REL. RICHARD WAYNE PARKER, v. THE COMMON COUNCIL OF THE CITY OF NEWARK.

1. The act concerning cities of the first class (*Pamph. L.* 1891, *p.* 475), which purports to empower the mayor to fill vacancies in the common council of the city, is rendered special by the provision which limits its operation to those cities of the first class whose charters provided for a special election to fill such a vacancy, and is therefore unconstitutional.

2. This special limitation does not become unimportant because it does not exclude any city now standing in the first class, since it will exclude cities which may grow into that class.

---

On *mandamus.*

Argued at June Term, 1894, before Justices Dixon and Abbett.

For the relator, *Henry Young* and *Richard Wayne Parker.*

For the defendant, *Edward L. Price.*

The opinion of the court was delivered by

Dixon, J.   The relator, having on July 16th, 1894, been appointed by the mayor of the city of Newark as alderman of the Fourth ward, to fill a vacancy caused by the death of the prior incumbent, applies for a writ of *mandamus* directing the common council to admit him to his seat.   The council denies the right of the mayor to fill a vacancy in its membership.

The right, if it exists, must rest upon "An act concerning cities of the first class," approved April 16th, 1891 (*Pamph. L., p.* 475), which enacts that in any city of the first class, the charter of which provides for a special election to fill a vacancy in the office of alderman, it shall not be necessary to hold such a special election, but the mayor shall appoint a resident voter to occupy the office.

The council contends that this statute is a special act to regulate the internal affairs of cities, and is therefore unconstitutional.

We agree with this contention.

The statute is not made special by being limited to cities of the first class, *i. e.,* those having a population exceeding one hundred thousand, for, according to previous decisions, the legislature may classify cities on the basis of their population for purposes relating merely to the structure and administration of their local government.   *Mortland* v. *Christian,* 23 *Vroom* 521 ; *In re Haynes,* 25 *Id.* 6 ; *Owens* v. *Fury,* 26 *Id.* 1 ; *Matheson* v. *Caminade, Id.* 4.

But the terms of this act do not embrace all cities of the first class ; they apply only to those members of this class which have a charter providing for a special election to fill a vacancy in the office of alderman.   The question therefore arises whether such a subdivision of the first class can constitute another class for the purposes of this law ; whether the

existence of a provision of that nature in one charter and its absence from another form a substantial reason for vesting the power of appointment in the mayor in the former case and withholding it in the latter.

We are unable to seé how the fact that heretofore various modes of filling vacancies in the governing bodies of municipalities have existed, can reasonably be a ground for discriminations among them, when the legislature is proceeding to perform its constitutional duty of prescribing a general rule for the filling of such vacancies. It seems indisputable that a rule proper for one must be proper for another, irrespective of previous methods. Mere differences in local administration under differing laws cannot form a basis for the classification of municipalities, which will in a constitutional sense be general. If they could, plainly all the evils at which the amendment of the constitution on this subject was aimed might be perpetuated in new legislation. This principle was recently applied by this court in *Loucks* v. *Bradshaw*, 27 *Vroom* 1, and *Goldberg* v. *Dorland, Id.* 364.

On its face, therefore, this statute is special.

It appears, however, from an examination of several city charters that those cities which now constitute the first class, viz., Newark and Jersey City, both come within the purview of the statute, because each has a charter which provides for a special election to fill the designated vacancy; but that the city of Camden, which now stands in the second class, but may, of course, by growth pass into the first class, will not then come under the operation of this statute, because its charter (*Pamph. L.* 1871, *p.* 210) contains no such provision. Hence we have to decide whether the act, although framed in special terms, must be deemed general, because at the time of its passage it embraced every existing member of the class to which it related, excluding by its special phraseology only some that might thereafter enter the class.

The proper decision of that question is indicated in previous cases, several of which are cited in *Bennett* v. *Trenton*, 26 *Vroom* 72, where it is declared to be an established doctrine

of this court that classification of municipal bodies on the basis of population cannot be used as a means of designating particular cities to the exclusion of others that may acquire the same characteristics. The language of an act applicable to cities, because of their population, must be sufficiently general to embrace all cities whenever they attain the requisite size.

Our conclusion is that this act is special, and therefore unconstitutional.

Hence the writ of *mandamus* is refused.