THE STATE, HENRY JOHNSON, PROSECUTOR, v. ELIPHA-LET HOOVER ET AL.

1. The act entitled "An act concerning licenses to keep inns and taverns and to sell ale, strong beer, lager beer, porter, wine and other malt liquors in the boroughs of this state," approved February 8th, 1892 (*Pamph. L., p.* 16), is special, and contrary to the prohibition of the constitution against private, special or local laws for the regulation of the internal affairs of towns and counties.

2. The classification of boroughs into those where the power to grant licenses to keep inns and taverns and to sell spirituous or malt liquors is conferred solely upon the governing body of the boroughs, and those where such power is not so conferred, is not such a classification as bears such a natural relation to the subject-matter of the grant of such licenses as will sustain exclusive legislation in behalf of either.

On *certiorari*.

Argued at June Term, 1895, before Justices VAN SYCKEL, MAGIE and LIPPINCOTT.

For the prosecutor, *Oscar Jeffery* and *Sylvester C. Smith.*

For the defendants, *William A. Stryker.*

The opinion of the court was delivered by

LIPPINCOTT, J.   At the April Term, 1895, of that court, the Common Pleas of the county of Warren granted a license to Eliphalet Hoover to keep an inn and tavern in the borough of Washington, in that county.

The prosecutor, with others, citizens and taxpayers in the borough, remonstrated against granting the license, and it is now sought by the prosecutor, by this writ of *certiorari,* to review and set aside the action of the Court of Common Pleas and the license thereby granted.   The prosecutor has a standing in this court for this purpose.   *Dufford* v. *Staats,* 25 *Vroom* 286.

The borough of Washington was incorporated by virtue of the provisions of an act of the legislature entitled "An act to incorporate Washington, in the county of Warren, into a borough or town corporate," approved February 20th, 1868. *Pamph. L., p.* 76.   By section 25 of this act, the common council of the borough, or a majority of them, were vested with the sole and exclusive right and power of licensing and assessing every innkeeper, tavernkeeper and retailer of spirituous, malt or vinous liquors within said borough, subject to the same provisions and in like manner as the same is or may be lawfully done by the Courts of Common Pleas in this state.

By this act the sole power to license inns and taverns in the borough was vested in the common council thereof.

The defendants justify the action of the Court of Common Pleas in granting the license upon the provisions of an act entitled "An act concerning licenses to keep inns and taverns and to sell ale, strong beer, lager beer, porter, wine and other malt liquors in the boroughs of this state," approved February 8th, 1892. *Pamph. L., p.* 16 ; *Gen. Stat., p.* 1821.

The first section of this act provides that "hereafter, in addition to the power or authority to grant licenses to keep inns and taverns or to sell ale, strong beer, lager beer, porter, wine and other malt liquors that is or may be vested in the governing body of the boroughs of this state or any of them, the power to grant such licenses within and for such boroughs shall also be vested in the Inferior Court of Common Pleas of the county within which such boroughs is or are situate, such power to be exercised in accordance with the act of the legislature of this state entitled 'An act concerning inns and taverns,' approved April 17th, 1846, and the act entitled 'An act to regulate the sale of ale, strong beer, lager, porter, wine and other malt liquors in the State of New Jersey,' approved April 4th, 1872, and the several supplements to said act respectively."

There are boroughs in this state in which the governing body does not possess the power or authority to grant licenses of the character denominated in this act of 1892. To the borough of Washington, created by special statute, this power was given. An examination of the special statutes passed previous to the year 1875 will show that in some boroughs created before that date the governing body did not possess this power; and that uniformity, in this respect, did not exist among these municipalities. No such power was conferred upon the governing body, which was the mayor and council, of the boroughs created and incorporated in accordance with the provisions of an act entitled "An act for the formation of borough governments," approved April 5th, 1878. *Gen. Stat., p.* 179. Under this act many boroughs were constituted and incorporated in this state.

By an act approved March 23d, 1883, boroughs were divided into boroughs of the first, second and third class, according to the population thereof. *Pamph. L., p.* 157 ; *Gen. Stat., p.* 269.

A supplement to the act concerning inns and taverns was also passed March 23d, 1883. *Pamph. L., p.* 221. This supplement provided that in all boroughs of the third class, each and every license to keep inns and taverns, ale and beer saloons, should be granted by the Inferior Court of Common Pleas of the county wherein the borough was situated.

The classification of boroughs upon which this supplement of March 23d, 1883, relating to licensing inns and taverns, ale and beer saloons, was based, was by this court adjudged illusory, and the statute was declared to be unconstitutional. *Hightstown* v. *Glenn,* 18 *Vroom* 105. The borough of Hightstown was one in which the council had the exclusive right to grant licenses prior to the passage of the supplement of March 23d, 1883.

By an act entitled "An act concerning licenses in boroughs of the second class," approved March 9th, 1891 (*Pamph. L., p.* 118), it was, by the first section thereof, provided that "hereafter in addition to the power, or authority to grant licenses to keep an inn and tavern, or to sell ale, strong beer, lager beer, porter, wine and other malt liquors within the limits of the boroughs of the second class of this state, the power to grant the same shall also exist in the Inferior Court of Common Pleas of the several counties wherein such boroughs may be situate, such power to be exercised," &c. (Then follows substantially the language of the act of 1892 in question in this case.)

This act has been under review in this court, and was decided to be a special law in violation of the constitutional prohibition against private, special or local laws for the regulation of the internal affairs of towns and counties, and that it was not distinguishable with regard to the point of objection from the supplement of March 23d, 1883.

By the twenty-sixth section of the act entitled "An act for

the formation and government of boroughs," approved March 12th, 1890 (*Pamph. L., p.* 58; *Gen. Stat., p.* 231, § 292), it was provided that it should not " be lawful for any person or persons to sell within the corporate limits of any borough incorporated under this act any spirituous or malt liquors in quantities less than five gallons, without having first obtained a license therefor from the mayor and council of such borough, or a majority thereof in council convened, in whom shall by this act be vested the exclusive right and power of granting the same, and imposing such restrictions and penalties as they deem necessary in relation thereto; provided, however, that nothing in this section contained shall enable the borough councils of boroughs situate in counties of the first and second class to grant licenses for the sale of liquor." This statute does not refer specifically to the license to keep inns and taverns, and it is only cited to exhibit the want of uniformity which is revealed by the legislation on this subject of the power and authority to grant licenses in the boroughs of this state.

Under the act entitled "An act for the formation and government of boroughs," approved April 2d, 1891 (*Pamph. L., p.* 280; *Gen. Stat., p.* 236), the boroughs created are without power in their governing bodies to grant licenses of the character in question in this case. Neither is any such authority vested in the commissioners as the governing bodies in boroughs formed under the act entitled "An act for the formation of borough commissions" and the supplement thereto. *Pamph. L.* 1882, *p.* 48; *Gen. Stat., p.* 286.

It will thus be seen that there are two classes of boroughs in this state in this regard; in one class the power or authority to grant these licenses is vested exclusively in the council or other governing body, and in the other class the authority in this matter is vested in the Courts of Common Pleas or in some other tribunal.

The statute of 1892, now upon review, deals with this classification of boroughs as an appropriate one for the purposes of legislation, but instead of establishing uniformity, in

respect to the object of the legislation, it, in a marked degree, increases the distinction between the two classes of boroughs. In the one class of boroughs the applicant for a license is still restricted to the governing body of the borough ; in the other class he can exercise his choice of whether he will make application to the governing body or resort to the Court of Common Pleas. No appropriate or natural reason whatever appears for this classification upon which this statute is based. The boroughs may be similar in every respect with this one exception. This concurrent authority conferred by this act can only be operative where this special artificial quality of exclusive power of the governing body exists ; and this distinction, which is the essential feature of this statute, can be considered only as a purely arbitrary one. There are no substantial differences so marked as to call for, or render necessary, separate legislation. They are not distinguished by qualities and attributes which necessitate this legislation. The statute, in order to be valid, must embrace all and exclude none whose condition and wants render such legislation equally necessary or appropriate as a class. *Randolph* v. *Wood,* 20 *Vroom* 85.

In the case of *Loucks* v. *Bradshaw et al.,* 27 *Vroom* 1, the Chief Justice says : " The fact that in some counties licenses of the kind in question are granted by a court and in others proceed from other authorities, is a purely arbitrary distinction, and as such cannot be laid as a classification for the purposes of legislation regulating the internal affairs of counties."

The classification of townships into those " governed under or by a special charter," and those not so governed, is not of such a nature as to require or sustain exclusive legislation for each class. *Goldberg* v. *Dorland,* 27 *Vroom* 365.

The mere fact that certain boroughs in this state have at some time in the past, and by certain statutes, obtained greater power and authority than other boroughs are possessed of, is not the acquisition of such a substantial difference or characteristic as will serve as a basis of classification as requires or will sustain exclusive legislation on behalf of either class.

The contention of the prosecutor that this statute is unconstitutional must prevail, and the proceedings of the Court of Common Pleas in granting this license, and the license, must be set aside, with costs. .