THE STATE, EX REL. THE ATTORNEY-GENERAL, v. THE
MAYOR, &c., OF THE TOWN·OF DOVER.

Argued September 2, 1898—Decided September 14, 1898.

A municipal government which is organized under an act of the legislature,
which is subsequently adjudged to be unconstitutional, is a govern-
ment *de facto,* and its officers are officers *de facto,* and its authority must
prevail and be respected until the attorney-general interposes by *quo
warranto,* and secures the actual ouster and removal of the incumbents
in office.

On application for *mandamus.*

Before Justices DEPUE and VAN SYCKEL.

For the relator, *George T. Werts* and *Samuel H. Grey,* attor-
ney-general.

For the city of Dover, *Joseph Coult.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The "Town of Dover" was incorpo-
rated by an act of the legislature, in 1869, with boundaries
which were changed by an act passed in 1871, and which,
with such change, it still retains.

By the terms of that charter the members of council were
to be elected for two years, and were to hold their offices
until their successors were elected and sworn in.

The government of Dover was conducted under this legis-
lation until the year 1896, when, under and in pursuance of
an act of the legislature, passed March 22d, 1895, the inhabit-
ants of the "Town of Dover," by a majority vote, became
incorporated as the "City of Dover," with boundaries coinci-
dent with the boundary lines of the town.

In April, 1897, an election was held in the "City of
Dover," in pursuance of the said act under which it was in-
corporated, and a mayor and city council and other officers

were elected, and subsequently entered upon the duties of their respective offices.

After the city election, in 1897, no election was attempted to be held under the charter of the " Town of Dover," and since that date the officers last elected in said town have not in any manner exercised any of the functions of municipal officers of the " Town of Dover "

At the June Term, 1898, of the Supreme Court, on an information filed by the attorney-general, it was decided and adjudged that the act of 1895 under which the " City of Dover " was incorporated, is unconstitutional and void, and a judgment in favor of the attorney-general and of ouster was entered. *Attorney-General* v. *Dover, ante p.* 40.

This judgment of ouster, before it was executed, was removed by the mayor and city council of the " City of Dover," in July, 1898, by writ of error into the Court of Errors and Appeals, where it is still pending, undetermined.

The contention of the attorney-general is that the act of 1895, under which the " City of Dover" was incorporated, having been adjudged by this court to be unconstitutional, there is, in legal contemplation, no " City of Dover," and the officers elected under the act are officers neither *de jure* nor *de facto,* and he now applies to this court for a *mandamus* against those officials of the " Town of Dover" who were in office in the town when it was incorporated as a " city," requiring them to exercise and discharge their duties as officers of the " Town of Dover."

It will be assumed, under the authority of *Loucks* v. *Bradshaw,* 27 *Vroom* 1, and *Flaucher* v. *Camden, Id.* 244, that the act of March 22d, 1895, is unconstitutional, and that the writ of error pending in the case before us, as it was in the case of Loucks *v.* Bradshaw, when the Flaucher case was decided, does not deprive the decision of the Supreme Court of any of its binding force.

But in our judgment the cases referred to have no other pertinency to the present controversy.

In those cases the prosecutor was indicted for selling liquor

without license, and upon the trial he admitted the sale, and offered in defence a license issued to him by the board of license commissioners of the county of Camden, under "An act to create boards of license commissioners, and to define their powers and duties."

The validity of that act could be challenged whenever and wherever it was set up as a support for the exercise of any right or privilege, and being declared unconstitutional it could not be invoked as a bar to prosecution.

*Norton* v. *Shelby County*, 118 *U. S.* 425, presented a like question, as to the legality of bonds issued by a board of county commissioners created by an act of the Tennessee legislature.

In these instances individuals were endeavoring to establish rights upon an unsubstantial basis, and it needed nothing but the decision of the court to sweep away the foundation of their defence and leave it without support.

The distinction between the cases cited and the principal case is obvious.

No private citizen can challenge the legal existence of organized municipal government. It can be successfully assailed only by the attorney-general. Until he intervenes to controvert its authority, and until he institutes proceedings by which it is overturned and suppressed, it is *de facto,* and the public functions with which it is charged, within the scope of its apparent powers, may be lawfully exercised by its officials as *de facto* officers.

Who denies this must maintain the doctrine that every political subdivision of the state is subject to have the legality and regularity of its incorporation and creation contested by everyone upon whom it attempts to impose its authority.

There is manifest error in the proposition that, in resisting the levying of a tax or the enforcement of an ordinance, the litigant can controvert the legal organization of the body politic on the ground that it is established under an unconstitutional act of the lawmaker. Until the attorney-general intervenes the continued discharge of its governmental func-

tions cannot be arrested. It may be that considerations of public policy will influence the attorney-general to refuse to interpose.

The case now considered concerns the public and involves the power to maintain uninterrupted government within the various political subdivisions of the state. The territory embraced within the "City of Dover" has been set apart as one of those subdivisions, and, although the legislative act under which the municipal government has been conducted since the election in the city is unconstitutional, it is a government *de facto* and its officers are officers *de facto* until they are actually ousted in execution of the judgment of this court.

The writ of error, it is not denied, stays the execution of that judgment. If this were not so anarchy would result in cases where provision is not made for the continuance of the governing body which is displaced and superseded by the void legislation. That such provision is made in this case cannot logically affect the question propounded.

There can be no stability or assurance of safety in the conduct of government under legislative enactment if this rule is not recognized.

Whether a law is valid and constitutional cannot be known until it is submitted to judicial decision, and it would lead to the wildest confusion and uncertainty in public affairs to hold that municipal government, under the provisions of a legislative enactment, is wholly without authority or sanction where such enactment is ultimately pronounced to be infirm.

The act of 1895 is no more void since the judgment of this court than it previously was, and if the "City of Dover" is not now a *de facto* government, with *de facto* officers, it has never possessed those characteristics.

In our judgment, such a government must prevail and be respected until the attorney-general intervenes by *quo warranto* and, through judicial action, secures the actual ouster and removal of the incumbents in office.

The writ of *mandamus* is therefore denied.