STREET LIGHTING DISTRICT NUMBER ONE v. BRUCE DRUMMOND, COLLECTOR OF THE TOWNSHIP OF WOODBRIDGE, IN THE COUNTY OF MIDDLESEX.

Argued February 27, 1899—Decided June 12, 1899.

1. A collector of taxes cannot set up, in defence of his refusal to pay the taxes he collects to the officers appointed to receive and disburse them, that the legislative act under which the political district in which the taxes are levied is constituted, is unconstitutional, nor that the political district is not regularly constituted according to the requirements of the act.

2. The legislature may, without regard to special benefits, create a taxing district for specified purposes out of part of an existing political district, provided such part is made a political district with appropriate powers of local government.

On application for *mandamus.*

Before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff, *Charles C. Hommann.*

For the defendant, *Alan H. Strong.*

The opinion of the court was delivered by

VAN SYCKEL, J.    In 1894 an act was passed, entitled "An act authorizing the division of townships into street lighting districts, and the erection and maintenance of street lights therein, and the election of street light commissioners in said district." *Pamph. L.* 1894, *p.* 540. This act was amended in 1896. *Pamph. L.* 1896, *p.* 132.

The act of 1894, as amended in 1896, authorized "the township committee of any township in any county of this state at any time to set off and divide the said township into districts and to alter the same from time to time, and, by resolution to be entered at length upon their minutes, to define and declare the boundaries and numbers of said districts ; and provided that the same, being so defined, shall be deemed and taken as street lighting districts." The act further provides that said district shall be a body corporate, and shall possess all corporate power necessary for the carrying out the powers in said acts conferred.

Provision is also made for the election, by the legal voters of the district, of three commissioners, and for the determination by such voters of the amount of money to be raised each year.

It is made the duty of these commissioners to certify the amount to be raised to the township assessor, who shall assess the same upon the taxable property within said district in the same manner as township taxes are assessed, and the said money shall be collected by the township collector and paid over to the said commissioners.

The township committee of the township of Woodbridge

by their action, purporting to be taken under authority of this legislation, set off street lighting district number one, and thereupon the legal voters of said district elected three commissioners, and voted to raise a certain sum of money for street lighting purposes for the ensuing year. This sum was certified by the commissioners to the township assessor, who assessed the same in pursuance of the law, and the township collector collected the said tax from the taxpayers of said district and has the money in hand.

Upon his refusal to pay the said moneys to the said commissioners, a rule was granted by this court, commanding him to show cause why a *mandamus* shall not be issued enjoining him to pay said moneys to said commissioners.

In resisting the granting of a *mandamus* the collector sets up—

*First.* That the proceedings taken to set off the lighting district were irregular, and not in conformity to the requirements of the legislative acts.

*Second.* That the said acts are unconstitutional.

The power of the legislature to establish such lighting district is undoubted, if it is made a municipal subdivision of the state with powers of local government. The vice in Baldwin *v.* Fuller was that the tax was imposed upon a territory less in extent than the political district of which it remained in all respects a part, without regard to the special benefits conferred. *Baldwin* v. *Fuller,* 10 *Vroom* 576; *Auryansen* v. *Hackensack,* 16 *Id.* 113; *Lydecker* v. *Englewood,* 12 *Id.* 154; *Peck* v. *Raritan,* 23 *Id.* 319; *Smith* v. *Howell,* 31 *Id.* 384; *McLaughlin* v. *Newark,* 28 *Id.* 298.

The legislative acts do purport to erect these lighting districts into such municipal subdivisions, with the powers and officers necessary to render them capable of exercising their prescribed functions.

There is no doubt that an attempt was made to conform to the requirements of this legislation and that the tax was levied and collected by the officers appointed for that purpose.

It is therefore unnecessary to discuss the question whether these legislative acts are constitutional or whether the district was constituted in conformity to the provisions of the law.

The district is, either *de jure* or *de facto*, a political subdivision of the state, and the collector is *de facto*, if not *de jure*, collector of the district.

The money being in his hands, he is without the right to challenge the legal existence of the district or the legality of the proceedings, in virtue of which the duty of collecting the tax was cast upon him.

In the recent case of *Attorney-General* v. *Town of Dover*, 33 *Vroom* 138, this court held that " a municipal government which is organized under an act of the legislature which is subsequently adjudged to be unconstitutional, is a government *de facto*, and its officers are officers *de facto*, and its authority must prevail and be respected until the attorney-general interposes by *quo warranto* and secures the actual ouster and removal of the incumbents in office."

The defendant, although collector of the township of Woodbridge, is also the collector for the lighting district, and it is a novel proposition that, after a tax collector has received in his official capacity from the taxpayers of a political district payment of the imposed taxes, he can set up in justification of his refusal to pay such moneys to those appointed to receive and disburse them, that the political corporation of which he is the agent and officer is not legally constituted.

His duty to pay the moneys he has collected to the " commissioners " is clear, and a peremptory *mandamus* should issue.

If the parties cannot agree as to the amount in the hands of the collector, further application may be made to this court.