68  451
70  194

### CHARLES BOWDEN v. ARTHUR BEDELL ET AL.

Submitted July 5, 1902—Decided November 10, 1902.

1. A statute which provides for the election in the city of Camden of a board of excise commissioners consisting of *five* persons, but which limits eligibility to membership in the board to not more than *three* persons "of the same political party," and provides for the election of the board upon a general ticket, but declares that "no voter shall vote at such election for more than *three* of said commissioners," and then enacts that "the *five* persons receiving the *highest number of votes* for such office shall be declared duly elected," is unconstitutional.
2. The members of such a board of excise commissioners are officers elective by the people, and hence, under the provisions of article 2, paragraph 1 of the constitution of this state, every male citizen qualified to vote under that provision of the constitution is entitled to vote for all five of the commissioners so elective.
3. *Quære.* Is an act which fixes a political qualification for eligibility to hold office constitutional under our form of government?

On *quo warranto.*

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and GARRETSON.

For the relator, *S. Conrad Ott* and *George H. Peirce.*

For the respondents, *Henry H. Snyder, Jr.*

The opinion of the court was delivered by

FORT, J.   The relator is a citizen and taxpayer of the city of Camden.

In 1887, by virtue of the authority of an act of the legislature entitled "An act to establish an excise department in cities in this state," passed April 8th, 1884, as amended by a supplement thereto, passed June 1st, 1886, the common council of the city of Camden passed an ordinance for the establishment of a board of excise commissioners.   *Gen. Stat., p.* 1806.   The respondents, under the authority of the statute, were elected, in 1899, members of that board for the term of three years; and, by the act approved February 28th, 1901, extending the terms of municipal officers, their terms were extended to January 1st, 1903.   *Pamph. L., p.* 41; *Bakely* v. *Nowrey, ante p.* 95.

By the act of 1884, as amended by the act of 1886, it is provided that boards of excise commissioners created under an ordinance by virtue of said act shall "consist of *five* members, not more than *three* of whom should belong to the same political party, which board shall be elected upon a general ticket at the charter election in such city next after the passage of such ordinance in the same manner as other officers in said city are elected; provided, however, that no voter shall vote at such election for more than three of said commissioners, and the five persons [receiving the highest number of votes for such office] shall be declared duly elected."   To this board was given the sole power in such cities to regulate or prohibit the sale of all kinds of liquors, and to grant, transfer or revoke licenses therefor.

The persons thus provided to be elected as members of the board of excise commissioners are clearly officers elective by the people, and for whom, and all of whom, each male citizen of the state, eligible to vote for all elective officers to be elected by the people of the state or any subdivision thereof, is en-

titled to vote, under article 2, paragraph 1 of our state constitution.

A discussion of this question is unnecessary, for the effect of this provision of our state constitution has been settled by the Court of Errors and Appeals. *McArdle* v. *Jersey City,* 37 *Vroom* 590.

The act of 1884, as amended by the act of 1886, is, in so far as it limits the right of the citizen to voting for but *three* of the *five* elective officers of the excise board of the city of Camden, clearly unconstitutional and void.

It is contended, however, that the court can eliminate this unconstitutional feature of the act and allow the rest to stand.

If this could be done, we are not certain that the act remaining would be constitutional. The clause in the act which provides that no more than *three* members of the board "shall belong to the same political party" is open to grave doubts as to its constitutionality. It is doubtful whether eligibility to office in this state can be restricted to any qualification other than that required for the right of suffrage, except where such restriction is found in, or its imposition is authorized by, the constitution of this state. Is it not clear that the holding of any political opinion or belief is not a disqualification for office under a republican form of government? It is not discernible how republican government could be continued with such power of restriction upon eligibility to hold public office. *Attorney-General* v. *Detroit,* 58 *Mich.* 213; *Evansville* v. *State,* 118 *Ind.* 426; *Baltimore* v. *State,* 15 *Md.* 376, 468, 484; *Cooley Const. Lim.* 481.

It is not necessary, however, for the determination of this case, to decide this question. We think that the proviso of the act of 1886, which limits the right of the citizens to vote for but three of the five elective officers, is so intimately connected with, and dependent upon, each other part of the act as to warrant a belief that the legislature intended them as a whole, and hence the whole act must fall, under the case of *McArdle* v. *Jersey City, supra.*

There will be a judgment for the relator upon the demurrer, with costs.