GEORGE SMITH, PROSECUTOR, v. THE CITY OF PERTH
AMBOY.

Argued June 2, 1903—Decided November 9, 1903.

The act entitled "An act to establish an excise department in cities
of this state," passed April 8th, 1884, as amended by an act
passed June 1st, 1886, is unconstitutional, and the conviction of
a person under an ordinance passed by a board of excise created
under it, and by virtue of the power conferred by it, is void, and
will be set aside on *certiorari.* ,

On *certiorari.*

Before Justices VAN SYCKEL and FORT.

For the prosecutor, *Joseph E. Stricker.*

For the defendant, *Charles C. Hommann.*

The opinion of the court was delivered by

FORT, J.   On the 13th day of March, 1903, the prosecutor
was convicted before the recorder of the city of Perth Amboy
of the violation of section 1 of the ordinance of the board of
excise of that city.

By the agreed facts it appears that the board of excise of
the city of Perth Amboy exists by virtue of an ordinance
of the said city, passed under the act entitled "An act to estab-
lish an excise department in cities of this state," passed
April 8th, 1884, as amended by act passed June 1st, 1886.
*Gen. Stat., p.* 1806, § 111.   This act provides for a board
of five to be elected by the people, but no voter is permitted
to vote for more than three of the five persons to be elected.
The ordinance of the common council of Perth Amboy,
adopted under this statute, contains the same provisions as
to the election of the members of the board.

In *Bowden* v. *Bedell,* 39 *Vroom* 451, this court declared
this act unconstitutional.   *McArdle* v. *Jersey City,* 37 *Vroom*
590.

The members of the board of excise of Perth Amboy, though organized under an unconstitutional law, may still be *de facto* officers and only be subject to be ousted of their functions in a direct proceeding by *quo warranto* at the relation of the attorney-general. *Attorney-General* v. *Town of Dover,* 33 *Vroom* 138. But still, as Justice Van Syckel points out in that case, any person may challenge the act when it is set up as a support for the exercise of any right or privilege. Upon a conviction under an ordinance passed under the authority conferred by this unconstitutional statute the defendant may set up its unconstitutionality to show lack of authority to sustain the conviction. *Flaucher* v. *Camden,* 27 *Id.* 244.

The conviction in this case is set aside.