THE STATE OF DELAWARE, upon the relation of JAMES SAULSBURY *vs.* JACOB HADLEY LEWIS, GEORGE W. ROBERTS, CHARLES T. O. SCHOFIELD, ALFRED M. CLOWER and MORRIS D. CROSSAN, constituting the members of the Department of Elections for the City of Wilmington.

1. MANDAMUS—MOTION TO DISMISS PETITION—EFFECT AS ADMISSION.

A motion to discharge the rule to show cause why a writ of mandamus should issue, and to dismiss the petition, admits those allegations in the petition which are well averred.

2. MANDAMUS—MOTION TO QUASH ALTERNATIVE WRIT—EFFECT AS ADMISSION.

In mandamus the alternative writ takes the place of the declaration, and the facts therein well pleaded are admitted by a motion to quash the alternative writ.

3. MANDAMUS—ALTERNATIVE WRIT—SUFFICIENCY.

An alternative writ of mandamus to compel the department of elections to appoint registrars from the list furnished by the party chairman, as required by Act May 20, 1898 (21 *Del. Laws*, c. 40) § 3, *par.* 4, which shows that the list furnished was in conformity with the requirements of the statute, that the persons named therein had the proper qualifications for registration officers, and that the appointments for the district in question were not made as required by that act, entitles the relator to the peremptory writ, unless the allegations are properly denied by respondents.

4. Elections—Registrars—Qualifications.

The requirement of Act May 20, 1898, § 3, *par.* 4, that the department of elections appoint the registrars of election from lists of eligible persons submitted by the chairman of the two leading political parties, is a reasonable requirement for the promotion of fair elections, and does not violate *Const. art.* 14, which, after prescribing the oath for public officers, provides that no other oath, declaration, or test shall be required for any office of public trust.

5. Elections—Officers—Lists Submitted by Party Chairman.

Under Act May 20, 1898, § 3, *par.* 4, requiring the department of elections to appoint the registrars of election from lists submitted by the party chairman, containing the names of at least six qualified persons in each election district, the list is in effect a distinct list for each district, and a fatal defect therein with respect to one or more districts does not vitiate the remainder of the list.

6. Mandamus—Subjects of Relief—Administrative Decisions.

The determination by the department of elections whether the persons named on the list, submitted by the chairmen of the political parties as required by Act May 20, 1898, § 3, *par.* 4, possess the qualifications of registrars of election is administrative, and not of such a judicial character as will prevent a review of that decision by mandamus.

7. Mandamus—Alternative Writ—Duplicity.

An alternative writ of mandamus, ordering the department of elections to appoint registrars of election in several different districts from the list furnished by the chairman of the political party, as required by Act May 20, 1898, § 3, *par.* 4, is not duplicitous, since the duties therein commanded are certain, positive, similar and successive.

8. Mandamus—Return—Requisites.

The office of the return to an alternative writ of mandamus is to show a right to refuse obedience, and it must deny the allegations of the writ or show other facts sufficient to defeat the claim of the relator.

9. Mandamus—Return—Quashing Part of Return.

The court may quash part of the return to an alternative writ of mandamus, and hold part sufficient.

10. Mandamus—Return—Requisites.

The return to an alternative writ of mandamus must not be uncertain, argumentative, or evasive.

11. Mandamus—Return—Sufficiency.

In mandamus proceedings, to compel the department of elections to appoint registrars from a list filed by a political party, as required by Act May 20, 1898, § 3, *par.* 4, the averment in the return that certain persons named for appointment do not reside at the addresses given in the list, but not averring that they do not reside in the district, is not sufficient.

12. ELECTIONS—OFFICERS—APPOINTMENT—LIST SUBMITTED BY PARTY
CHAIRMAN.

Under Act May 20, 1898, § 3, *par.* 4, requiring the department of elec-
tions to appoint registrars from lists of six qualified persons in each elec-
tion district, to be submitted by the chairman of the political parties, where
one or more of the persons named in the list are not qualified to serve as reg-
istrars, the list may be disregarded for that district and persons not named
therein appointed.

(*July* 11, 1914.)

Judges BOYCE, CONRAD and RICE sitting.

*Robert G. Harman* and *John W. Brady* for the relator.

*Philip L. Garrett* and *Frank L. Speakman* for the respondents.

Superior Court, New Castle County, Special Session, July
11, 1914.

Mandamus by the State of Delaware, on relation of James
Saulsbury, against Jacob Hadley Lewis and others, as members
of the Department of Elections for the City of Wilmington. Per-
emptory writ of mandamus issued for part of the relief prayed for,
and denied for part.

On July 8, A. D. 1914, in vacation, the relator filed a peti-
tion and accompanying affidavits with the prothonotary for New
Castle County, praying that a rule issue out of the Superior Court,
in and for said county, directed to and requiring the respondents,
constituting the members of the Department of Elections for the
City of Wilmington, to show cause why a writ of peremptory
mandamus shall not issue against them, requiring them to appoint
certain registration officers, in the City of Wilmington, in accord-
ance with the law. The prothonotary, in pursuance of *Section 3,.
Chapter 775, Volume* 19, *Laws of Delaware, Revised Code, p.* 697,
immediately transmitted the petition with accompanying affida-
vits to the Chief Justice of the state, who, under the authority
of said statute, deeming the matters contained therein ought to
be heard and determined before the term of the next regular ses-
sion of said court, awarded the rule prayed for, and made it return-
able at a special session of said court, to meet at the court house,
in Wilmington, on the eleventh day of July, A. D. 1914, at eleven
o'clock a. m., as called by the Chief Justice, a majority of the
members of said court deeming a special session expedient. The

special session of said court having convened, in pursuance of
said call, at the said time and place, formal application was made
by counsel for the relator to file the said petition and accompany-
ing affidavits, and leave was granted.

The petition, among other things, averred:

*First.* That your said petitioner is a citizen of the City of Wilmington,
New Castle County and State of Delaware; that he was a registered voter
at the last general election held in the State of Delaware, and still is, a regis-
tered and legal voter; that he is a member of the Democratic party and also
is chairman of the City Executive Committee of the Democratic party for the
City of Wilmington.

*Second.* That on the twenty-eighth day of May, A. D. nineteen hun-
dred and fourteen, your petitioner as chairman of the City Executive Com-
mittee of the Democratic party for the City of Wilmington, in pursuance of
a resolution of the said Executive Committee of the Democratic party in the
City of Wilmington, filed with the Department of Elections for the City of
Wilmington, a list of three and more names of properly qualified persons from
each election district in the City of Wilmington, from which said names the
Department of Elections for the City of Wilmington was compelled by law
to select names for each appointment accredited to the Democratic party as
registrars, assistant registrars and election officers for the purpose of regis-
tering voters and holding the election to be held on the third day of Novem-
ber, A. D. nineteen hundred and fourteen.

*Third.* That on the sixteenth day of June, A. D. nineteen hundred and
fourteen, the said Department of Elections for the City of Wilmington at its
meeting held, appointed as such registrars, assistant registrars and election
officers the following men whose names did not appear upon said list so as
aforesaid furnished by the said City Executive Committee of the Democratic
party through its chairman as aforesaid.

James L. Taggart, as assistant registrar and election officer from the
Sixth District of the Second Ward, James J. Riley as assistant registrar and
election officer from the Third District of the Third Ward, William H. Blake
as assistant registrar and election officer from the Fifth District of the Third
Ward, C. Gregg Derrickson as assistant registrar and election officer from the
Tenth District of the Seventh Ward, Hugh McDonough as assistant registrar
and election officer from the Third District of the Tenth Ward and Miles
Jennings as assistant registrar and election officer from the Eleventh District
of the Tenth Ward.

*Fourth.* That the said Department of Elections of the City of Wil-
mington was thereupon notified by the City Executive Committee through
its chairman as aforesaid, at a regular meeting of said Department of Elec-
tions held on the twenty-second day of June, A. D. nineteen hundred and
fourteen, that the said appointments were illegal, and it was requested by your
petitioner as chairman of the City Executive Committee of the Democratic
party to correct and change the same in conformity with the law; yet the
said Department of Elections for the City of Wilmington, fraudulently and
illegally neglected and refused so to do, and still continues so to do, to the
irreparable injury of the Democratic party in the districts aforesaid.

*Fifth.* That the appointment of the said named men in manner and
form as aforesaid, is contrary to the laws of the State of Delaware providing

for the appointment of registrars, assistant registrars and election officers by the said Department of Elections for the City of Wilmington, in that, it is in violation of *paragraph* 4, of *Section* 3, of *Chapter* 40 of *Volume* 21 of the *Laws of Delaware.*     *     *     *

*Sixth.* Your petitioner therefore alleges that the said action of the said Department of Elections for the City of Wilmington, is unauthorized, unwarranted and illegal and is a fraudulent and willful evasion of the statute above cited and in such case made and provided.

*Seventh.* That the following is a list of the duly and properly qualified persons named in the list submitted to the Department of Elections for the City of Wilmington by the City Executive Committee for the Democratic party for the respective districts from which the said appointments were made illegally by the said Department of Elections.

[Then followed the list, containing six names for each district in question.]

The eighth paragraph averred injury, etc., and concluded with a prayer for relief, the substance of which has already been stated.

The statute relied upon by both parties is *Section 3, Paragraph IV, Chapter* 40, *Volume* 21, *Laws of Delaware* 141, which reads:

"They shall in the month of June, in each year in which a general election is held, appoint for each election district in the City of Wilmington three capable persons who shall be voters and residents in the election district, for which they shall be appointed, who shall be the registration officers of the election district for which they are appointed; one of whom shall be designated as 'Registrar', and the other two 'Assistant Registrars', and not more than two of them shall be of the same political faith; provided, that the total number of registration officers in each representative district, shall be divided as equally as possible between the two leading political parties, as the same shall be determined upon by the Department of Elections at the time of making the appointments. And further, for each appointment accredited to any political party under this section the city executive committee of such political party shall furnish the Department of Elections on or before the first day of June of the year in which said appointment is to be made, a list of three names of properly qualified persons, from which list the Department of Elections shall make its appointments."

Counsel for the respondents moved to discharge the rule and dismiss the petition for the following reasons:

1. That the said petition does not show upon its face a clear right to the relief demanded.

2. That the allegation of facts made in said petition are argumentative, uncertain, not specific, not positive and are insufficient.

3. That it appears in and by said petition that there is no duty imposed upon said respondents to perform the act complained of.

4.  That it does not appear from the said petition that the said respondents have failed to perform any ministerial duty imposed upon them by law.

The main contention, on the motion, was that the qualification of the persons named in the list were matters to be judicially determined by the Department of Elections at the time of making the appointments of the registration officers, and that the discretion to be exercised by the department cannot be reviewed by mandamus.

The authorities relied upon are *Houston v. Levy Court*, 5 *Harr.* 108; *Taylor et al. v. Kolb*, 100 *Ala.* 603, 13 *South.* 779; and *Com. v. Perkins*, 7 *Pa.* 42.  For the relator it was urged that the qualifications of the persons named in the list were sufficiently averred in the petition, supported by the accompanying affidavits; that for the purpose of the motion the allegations contained in the petition are to be taken as true; and that the department having failed to make the appointments as required by the statute, compliance therewith may be enforced by mandamus.

BOYCE, J.:—[1]  The motion to discharge the rule and dismiss the petition has the effect to admit the allegations in the petition well averred.  We are constrained under the facts disclosed by the petition and affidavits to deny the motion.

Upon application being made therefor, it is the judgment of the court that the alternative writ should issue, returnable to this special session of the court, on the fifteenth day of the present month, at eleven o'clock a. m., to which time the court will be adjourned.

(July 15, 1914.)

The court having reconvened, the alternative writ was returned, showing service.

Counsel for the respondents moved to quash the writ, assigning several reasons therefor, but relied upon the third and fourth reasons assigned for the dismissal of the petition, and upon the same authorities.

BOYCE, J.:—[2]  Under our practice in mandamus, the alternative writ takes the place of the declaration, and is the

first pleading. The facts therein well pleaded are, by this motion, admitted; and the question now is, in the absence of the return, whether enough is shown to entitle the relator to the peremptory writ.

[3] The writ *prima facie* shows that the list filed is in conformity with the requirements of the statute; that the persons named in the list have the proper qualifications for registration officers in the City of Wilmington, and that the appointments for the districts in question have not been made as required by the act of assembly. Unless these allegations are properly denied by the respondents, the peremptory writ prayed for must issue. The motion to quash the alternative writ is denied.

The respondents thereupon filed their return to the alternative writ.

Counsel for the relator moved to quash the return which was resisted by counsel for the respondents. The further facts and contentions appear in the opinion of the court.

BOYCE, J., delivering the opinion of the court:

This is a motion to quash the return for insufficiency, uncertainty, argumentativeness and as being contrary to law.

This motion is resisted for three reasons: *First*, that the answer conclusively shows that the Department of Elections in the appointment of said registration and election officers acted within its discretion and in accordance with the law; *second*, that in the manner of making the appointments the provisions of the statute are merely directory and not mandatory; and *third*, that if the court should hold, that the provisions of statute in regard to the manner of the appointments of said registration and election officers is mandatory then said provision of law is unconstitutional.

The contention made by the respondents on the first proposition is the same as was urged on the motion to discharge the rule and dismiss the petition, and the authorities then cited are relied upon.

Our attention is directed to errors and mistakes in the list

filed as set out in the return, and it is urged that the Department of Elections in the exercise of its discretion had a right to disregard the entire list, and to make the appointments independently thereof. That the duties imposed under the statute are judicial and not ministerial.

[4] It is further urged that the provision of the statute requiring "that the total number of registration officers in each representative district, shall be divided as equally as possible between the two leading political parties, as the same shall be determined upon by the Department of Elections at the time of making the appointments" is unconstitutional in that it conflicts with *Article* 14 of the state *Constitution* entitled "Oath of Office," which after prescribing the oath for public officers provides that "no other oath, declaration or test shall be required as a qualification for any office of public trust."

The authorities relied upon are *Attorney General v. Detroit*, 58 *Mich.* 213, 24 *N. W.* 887, 55 *Am. Rep.* 675; *State ex rel. Holt v. Denny*, 118 *Ind.* 449, 21 *N. E.* 274, 4 *L. R. A.* 65; *People ex rel. Le Roy v. Hurlbut*, 24 *Mich.* 44, 9 *Am. Rep.* 103; *Rathbone v. Wirth*, 150 *N. Y.* 459, 45 *N. E.* 15, 34 *L. R. A.* 408; *Baltimore v. State*, 15 *Md.* 376, 74 *Am. Dec.* 572; and *Bowden v. Bedell*, 68 *N. J. Law*, 451, 53 *Atl.* 198.

We will dispose of the last proposition immediately.

It is said in 15 *Cyc.* 313, F:

"This subject, however, has not been much attended to in other jurisdictions, but where the question has been raised it has been held that such a provision does not establish such a political test of office as is repugnant to the Constitution, but is rather a rule for the guidance of the appointing power."

Without going into a general discussion of the question raised, we think the provision of the statute objected to as unconstitutional is reasonable within legislative intendment to promote fair elections, and that it is not within the prohibitory clause of the Constitution or repugnant thereto. *In re Wortman (Sup.)* 2 *N. Y. Supp.* 324; *State v. McAllister*, 38 *W. Va.* 485, 18 *S. E.* 770, 24 *L. R. A.* 343; *Rogers v. Buffalo*, 123 *N. Y.* 173, 25 *N. E.* 274, 9 *L. R. A.* 579; and *Com. v. Plaisted*, 148 *Mass.* 375, 19 *N. E.* 224,

2 *L. R. A.* 142, 12 *Am. St. Rep.* 566.   Other cases cited: *People v. Hoffman,* 116 *Ill.* 587, 5 *N. E.* 596, 8 *N. E.* 788, 56 *Am. Rep.* 793; *State v. Kinney,* 63 *Ohio St.* 304, 58 *N. E.* 809; *State v. Finger,* 48 *Ohio St.* 505, 28 *N. E.* 135; *In re Elec. Sup'rs (C. C.)* 43 *Fed.* 859; *In re Appt. Elec. Sup'rs (C. C.)* 9 *Fed.* 14, 20 *Blatchf.* 13; *Vincent v. Mott,* 163 *Cal.* 342, 125 *Pac.* 346; *Skain v. Milward,* 138 *Ky.* 200, 127 *S. W.* 773.

Proceeding to the consideration of the merits of this case, we cannot now do much more than announce the conclusions which the court has reached.

[5] *First,* we deem it important to say that in the selection of persons for registration officers too great care cannot be exercised.   Efficient, reasonable and fair-minded men should be appointed—men who will discharge their official duties faithfully without bias or prejudice.   An error in residence or disqualification as a voter in a particular district should not prevent an appointment from the rest of the list for such district if composed of proper persons.   A spirit of fairness dictates such a course.   One list from each of the two leading parties covering the districts of the entire city is all that is required by the statute. The practical effect of this is that it constitutes a distinct list for each district.

A fatal defect in the list with respect to one or more districts does not have the effect in law or good reason to vitiate and make illegal the remainder of the list.   So far as the list which is required to be filed is in full compliance with the statute with respect to one or more districts, it is good and sufficient as to such district or districts.   The list filed with the Department of Elections which has been under consideration does not appear to have been prepared with careful attention.   But this fact does not warrant the action taken thereon with respect to some of the districts in question.   The object of the statute is obvious, and the appointing power should never lightly disregard its purpose.

[6] The Department of Elections in making the appointments of registration officers must as a preliminary step determine whether proper persons have been named in the lists filed with them, and whether the qualifications required by the statute

exist; but such determination is administrative and not of such judicial and final character as will prevent a review of their action by mandamus; for, "if it should be held that in all cases the determination of such preliminary questions calls for the exercise of judicial discretion, the writ of mandamus, as has often been said, might as well be expunged from the remedial code." *Merrill on Mandamus*, § 44. The same author says the weight of authority seems to be that erroneous decisions as to preliminary questions of law may be reviewed by this writ; that erroneous decisions as to preliminary questions of fact may be reviewed, unless the general nature of the duties to be performed are considered to be judicial, or the law intended that such decision should be final. *Id*. § 48. This statement of the law is fully supported by the decisions.

[7] We think the case at bar is distinguished from the case of *Oxy-Hydrogen Co. v. Simmons et al.*, in 3 *Penn*. 291, 50 *Atl*. 213. The duties here are certain, positive, similar and successive, and present no conditions to prevent one procedure for the relief sought. The alternative writ is, therefore, not duplicitous.

[8] The respondents in their return cannot merely rely upon the powers with which they are clothed by the statute and allege that they have performed. The office of the return is to show a right to refuse obedience to the alternative writ, and it must be good, as tested by the ordinary rules of pleading. It must deny the allegations of the writ or show other facts sufficient to defeat the claim of the relator.

[9] The question now is whether upon the face of the return, the condition of the relator is so changed as to prevent the issuance of the peremptory writ. The court may quash part of the return and hold part sufficient. *State ex rel. Lindsay et al. v. J. & M. P. Co.*, 7 *Penn*. 397, 72 *Atl*. 1057.

All allegations in the alternative writ sufficiently pleaded and not denied by the return are to be taken as admitted. By the return, the allegations in the first, third, fourth (except in so far as the latter charges fraudulent and illegal neglect, etc.) and seventh paragraphs of the petition are admitted.

As to the second paragraph it is admitted that on the date alleged therein "the said James Saulsbury, then representing himself to be chairman of the City Executive Committee of the Democratic party for the City of Wilmington, filed with the Department of Elections for the City of Wilmington, a list purporting to be a list of registration and election officers which had theretofore been submitted by the respective ward-chairman to the Democratic Committee, which said list is in the words and figures following. [Here follows a copy of the list filed.]" But as to the said second paragraph the respondents "wholly deny * * * that a list of three and more names of properly qualified persons for each election district in the City of Wilmington from which said names the Department of Elections for the City of Wilmington was compelled by law to select names for each appointment accredited to the Democratic party as registrars, assistant registrars and election officers for the purpose of registering voters and holding the election to be held on the third day of November, A. D. 1914."

A general denial is made of the fifth and sixth paragraphs. We do not think it necessary for the purpose of this case to incorporate those paragraphs in the opinion.

It is shown by the return that the list filed by the relator was filed on the twenty-eighth day of May, A. D. 1914, and that on the sixteenth day of June following, the Department of Elections for the City of Wilmington at its meeting accredited to the Democratic party two appointments for certain of the several one hundred and eighteen election districts in the City of Wilmington as therein mentioned, including the Fifth and Tenth Districts of the Third Ward, and the Tenth District of the Seventh Ward, being three of the districts in question, and likewise one appointment in certain other of said districts, including the Sixth District of the Second Ward, and the Third and Eleventh Districts of the Tenth Ward, the remaining three districts in question.

It is averred that the executive committee of the Democratic party of the City of Wilmington did not furnish the Department of Elections on or before the first day of June, A. D. 1914, for each appointment so accredited to the Democratic

party a list of three names of properly qualified persons from which list the Department of Elections was required to make said appointments, etc.; that the said list was incomplete, insufficient and not in accordance with law in the following respects. Here follow at length the reasons assigned. We do not think it necessary to incorporate these as most of them relate to other districts than those involved in this proceeding. The substance of the reasons assigned affecting the districts in question follows:

With respect to the three districts accredited with two Democratic appointments, it is averred in the return as to the first mentioned that one of the persons on the list, naming him, does not reside at the address given; as to the second, that one of the persons in the list, naming him, does not reside in the district; and that two other persons on the list, naming them, do not reside at the addresses given; as to the third, that one of the persons on the list, naming him, does not reside at the address given, but at Atlantic City, State of New Jersey. With respect to the remaining three districts accredited with one Democratic appointment, it is averred as to the first mentioned that three of the persons on the list, naming them, do not reside at the addresses given; as to the second that two of the persons, naming them, do not reside at the addresses given, and which are not located in the district, and that one of the persons named, is not a qualified voter, and as to the third, that one of the persons named removed from the address given before filing list, and another person named does not reside at the address given.

[10] The return must not be uncertain, argumentative or evasive.

[11, 12] The averments in the return that certain persons named in the list filed do not reside at the addresses given without further averring that such persons are not residents of the respective districts for which they were named is not sufficient answer to the alternative writ. The averment that a person named in the list does not reside in the district for which he was named is sufficient. The averment that a person named in the list is not a voter in the district for which he was named, when admitted as in this case, is sufficient. The statute makes it mandatory

that the names of three persons shall be furnished as provided for each appointment accredited to any political party. So that where two appointments are accredited to a party for any district, and six names as required have been submitted for that district in the list required, and the return distinctly and sufficiently shows that one or more of such persons is disqualified, the list with respect to such district does not comply with the requirements of the statute; and the Department of Elections may, as to such district, disregard the remaining names on the list, and appoint other suitable persons.

The same principle applies when only one appointment is accredited to a party. And if, in such a case, six names are furnished, and three of the names are properly qualified persons, the appointment must be made from the list.

The return is insufficient as to the Sixth District of the Second Ward, the Third District of the Third Ward, and the Third and Eleventh Districts of the Tenth Ward, and as to these four districts the return is quashed. With respect to the appointments alleged to have been heretofore made in these four districts of persons whose names were not on the list furnished the Department of Elections, we will say that in contemplation of law the department in attempting to make these appointments exceeded the discretion permitted by the law. The return is sufficient as to the Fifth District of the Third Ward and the Tenth District of the Seventh Ward and as to these two districts, the motion to quash the return is denied.

It is ordered that a peremptory writ of mandamus as prayed for issue directed to the respondents with respect to the Sixth District of the Second Ward, the Third District of the Third Ward, the Third District of the Tenth Ward, and the Eleventh District of the Tenth Ward.