UNITED STATES v. BERREYESA. See Case No. 15,140.

---

## Case No. 14,587.

### UNITED STATES v. BETTILINI.

[1 Woods, 654; [1] 15 Int. Rev. Rec. 32.]

Circuit Court, N. D. Florida. Dec. Term, 1871.

INDICTMENT—CUSTOM FRAUDS—OFFENSES IN SAME COUNT—FRAUDULENT MEANS.

1. The offenses of effecting an entry, and of aiding and assisting in effecting an entry, of goods, etc., at less than their true weight or measure, by means of false samples or false representations, etc., may be charged conjunctively in the same count of an indictment.

2. An indictment under section 3 of the act of March 3, 1863 (12 Stat. 739), charging the defendant with effecting an entry of goods by fraudulent means, must specify what fraudulent means were used, otherwise it is bad.

[Approved in U. S. v. Goggin, 1 Fed. 53.]

Heard upon motion to quash the indictment.

J. P. Sanderson and M. D. Papy, for the motion.

H. Bisbee, Jr., U. S. Atty.

FRASER, District Judge. The indictment in this case is found for the offense of knowingly effecting an entry of goods contrary to the provisions of the third section of the act of March 3, 1863, entitled "An act to prevent and punish frauds upon the revenue; to provide for the more certain and speedy collection of claims in favor of the United States, and for other purposes" (12 Stat. 739). The said section reads as follows: "If any person shall, by the exhibition of any false sample, or by means of any false representation or device, or by collusion with any officer of the revenue, or otherwise, knowingly effect, or aid in effecting an entry of any goods, wares, or merchandise at less than the true weight or measure thereof, or upon a false classification thereof, as to quality or value, or by the payment of less than the amount of duty legally due thereon, such person shall, upon conviction thereof, be fined in any sum not exceeding five thousand dollars, or be imprisoned not exceeding two years, or both, at the discretion of the court."

The first ground of objection is that every count in the indictment is double, and that the duplicity consists in this, that the prisoner is charged with both knowingly effecting an entry, and knowingly aiding in effecting an entry of the goods at the custom house. The offense created by the act is a misdemeanor where all are principals. The offense of effecting an entry, and of aiding in effecting an entry, may be committed by different persons, yet they are different stages of the

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

same offense, and may be charged conjunctively in one count against the same person, and the proof of either will sustain the charge. This has been the uniform ruling of this court, and this case is no exception to those already determined. In this respect the indictment is not defective. U. S. v. Mills, 7 Pet. [32 U. S.] 140; Whart. Cr. Law, § 390, and note.

The next objection is that the offense is not set out in the indictment with sufficient certainty: that the facts or circumstances which constitute the definition of the offense in the act are not set forth, and that, therefore, the indictment is bad. Mr. Chitty, in his Criminal Law (volume 1, p. 281), says: "It is a general rule that all indictments upon statutes, especially the most penal, must state all the circumstances which constitute the definition of the offense in the act, so as to bring the defendant precisely within it." It is argued that this rule is relaxed by the decision of the supreme court in U. S. v. Mills, 7 Pet. [32 U. S.] 138, cited above, and that, in consequence of that decision, it is not necessary, in practice, to set out in an indictment any circumstances or facts to apprise the accused of the crime with which he is charged. The court say, in that case: "The general rule is, that in indictments for misdemeanors created by statute, it is sufficient to charge the offense in the words of the statute. There is not that technical nicety required as to form, which seems to have been adopted and sanctioned by long practice in cases of felony, and with respect to some crimes, when particular words must be used, and no other words, however synonymous they may seem, can be substituted." Thus far the court simply say that the pleader need not resort to technical words in describing the offense, but that the words of the statute shall be sufficient. "But that in all cases the offense must be set forth with clearness, and all necessary certainty, to apprise the accused of the crime with which he stands charged." The supreme court, in this, makes a distinction between the technical words necessary to be used in describing an offense, and the circumstances necessary to show that an offense has been committed. Mr. Chitty makes the same distinction. In his work on Criminal Law (volume 1, p. 283), he says: "It is, in general, necessary not only to set forth on the record all the circumstances which make up the statutable definition of the offense, but also to pursue the precise and technical language in which they are expressed." "The certainty essential to the charge consists of two parts, the matter to be charged, and the manner of charging it. 1 Chit. Cr. Law, pp. 169, 170. The technical niceties, called by Lord Hale unseemly niceties, which were allowed to prevail in the early English cases, were regretted by many eminent and learned judges in England—Lord Hale, Lord Kenyon, Lord Ellenborough and Lord Mansfield being among the number; but these regrets related

to mere formal objections based upon the manner of charging the offense in the use of words, or even in the omission of a letter. Chit. Cr. Law, p. 170·et seq.; 2 Hale, P. C. 193. But none of the judges have gone so far as to admit that it would be safe in practice to relax the rule which requires clearness and certainty as to the matter charged. This embraces "a certain description of the crime of which the defendant is accused, and a statement of the facts by which it is constituted, that the accused may know what crime he is called upon to answer; that the jury may be warranted in finding a verdict; and that the court may see such a definite offense upon the record; that the judgment and punishment which the law prescribes may be applied; that the defendant may plead the conviction or acquittal, should he be again called to answer a charge for the same offense; and, I may add, that it may be impossible to convict an innocent person by dispensing with proof of the facts and circumstances which constitute the crime." 1 Chit. Cr. Law, p. 172. "Therefore, an indictment charging the defendant with obtaining money by false pretenses, without stating what were the particular pretenses, is insufficient." 1 Chit. Cr. Law, 171. For the defendant must be advised, not only of what he has to answer, but the court must be advised what the pretenses are; for it is not every false pretense which will bring the case within the meaning of the law. Rex v. Goodhall, Russ. & R. 461; Whart. Cr. Law, §§ 2086, 2087

But it is argued on the part of the prosecution that in this country the courts have modified this rule, and dispensed with the degree of certainty formerly required in setting out an offense in an indictment, and that now it is necessary only to charge the offense in the words of the act creating it; that in this case the facts and circumstances could not be set out because unknown to the attorney for the United States; and that this case is governed by rules and principles entirely different from a case arising under the law for obtaining goods by false pretenses; that the false representation or device or collusion with an officer of the revenue, or the exhibition of any false sample, is not a material part of element of the offense, and therefore need not be set forth in describing it, and that the words "or otherwise" employed in the statute, so far enlarge the definition of the offense, as to make what precedes them entirely immaterial, and do in effect obliterate it altogether, and bring within the meaning of the act any entry made by the payment of less than the amount of duty legally due thereon, though such entry was made through ignorance or mistake, and with no intention to defraud the revenue. To sustain this view, the attorney for the United States adduces a decision of the district court of the United States, for the Eastern district of Michigan, in a case arising under the same

act of congress and the same section of the act, as the case here under consideration. U. S. v. Ballard [Case No. 14,506].

Before referring to this decision it may be well to dispose of some of the positions asserted in the argument as just stated. It is clear that the supreme court in the case of U. S. v. Mills, above cited, and which is relied upon to sustain the position that certainty and particularity are no longer necessary in charging the matter of the offense, does not sustain that position, but quite the contrary, as has been shown above; that it changed in no respect the rule laid down by Chitty, as the exponent of the most learned, wise and just tribunals of England, making a distinction between formal and technical nicities in words, and the statement of substantial matters—and that is certainly substantial matter which is descriptive of the offense, and which must be proved as laid— and nothing can be proved to sustain the indictment which is not charged therein.

The reason given for not having set out the circumstances of the offense, that it was impossible because they could not be known, is untenable, because the grand jury could find no bill without proof of such facts, and they must be within the knowledge of the prosecuting officer before he can conclude that such offense has been committed, and before he will consent to lay a bill before the grand jury, unless the position be true that the words "or otherwise," in the statute, must be construed to create an offense under the act, in which there is neither intent nor ingredient of fraud. If such be the correct construction of those words, then the indictment need not charge that the entry was effected by false sample, false representation or device, or by collusion, but simply that the entry was effected at less than the true weight or measure thereof, for that would be otherwise than by false representation or device. But the rule that effect must be given to all the words of an act, and that none of the provisions of an act must fail unless so repugnant that they cannot be reconciled, must not be overlooked. Congress surely meant something by the words, "by the exhibition of any false sample, or by means of any false representation or device, or by collusion with any officer of the revenue;" and also meant something by the words "or otherwise." Congress intended to make any fraudulent means, whether by sample, representation, device, collusion or otherwise, an ingredient of the offense; and if the fraudulent entry were effected by any other means than by false sample, false representation or device, or collusion with an officer of the revenue, such fraudulent means would be included in the words "or otherwise" in the act. There is no other reasonable construction by which all the provisions of the act can stand together. The words, "or otherwise," must be interpreted to mean, or by any other fraudulent means whatsoever, or they mean

nothing and are mere surplusage. The construction which gives them effect, and does not destroy the effect of the other provisions of this section of the act, is clearly correct. The means used in effecting the entry is made by the act the very gist of the offense, and without which no offense can be committed, and if so, the means by which it was effected must be set out and clearly stated in the indictment. Such facts and circumstances as will show that a false sample was exhibited, in what false and to whom exhibited, what false representations were made, and to whom, what false device was used and how, with what officer of the revenue the collusion was had, or how or by what other fraudulent means, if any, the entry was effected. It is admitted by the learned judge, in the case of U. S. v. Ballard, supra, that the means adopted to commit the offense would inevitably constitute one of its elements, but for the concluding clause, "or otherwise," that "these words render that unlimited and general, which by the preceding clauses, without these words, would be limited and specific," and that that clause does not, like what precedes it, relate simply to the means by which the offense is committed, but also to the manner in which the entry is made, and that, therefore, "the facts answering to the preliminary clauses of the section may or may not be alleged in the indictment at the option of the pleader;" and as a consequence, if not alleged, they need none of them to be proved in order to convict the defendant. With this view I cannot agree, as it would seem entirely to change the rule above stated for the construction of statutes, and introduce into the criminal practice a laxity and uncertainty always carefully avoided by the purest and wisest tribunals in the administration of criminal justice.

It is evident, by reference to and comparison of some of the decisions of the ablest judges both in England and this country, that the rule as to certainty of the matter charged has not been changed or modified. Rex v. Holland, 5 Term R. 623; Com. v. McAtee, 8 Dana, 29; People v. Taylor, 3 Denio, 91; Biggs v. People, 8 Barb. 547. All the counts in the indictment, which profess to charge an offense to have been committed under the section and act above referred to are defective in not having set out the circumstances required, as I have shown above. And this is in accordance with the ruling of this court in the cases of U. S. v. Conant [Cases Nos. 14,843, 14,844], and has been the uniform ruling in all similar cases. Upon a thorough reexamination of the authorities, I see no reason for changing or reversing those decisions or for adopting a different rule. Other defects have been pointed out in this indictment, but I do not deem it necessary to examine it further, as the question discussed disposes of the case. The indictment must be quashed.