## UNITED STATES *v.* VOORHEES.

*(Circuit Court, D. New Jersey. 1881.)*

1. NATIONAL BANK—INTENT TO DEFRAUD—STATUTES—CONSTRUCTION—PUNCTUATION.

Under section 5209 of the Revised Statutes of the United States, an intent to defraud the association, or other company or person, is an essential element of the crime in every case. The words, " with intent in either case to injure or defraud," etc., apply as well to embezzlement, etc., of the funds, as to the making false entries in the books.

The punctuation of a statute is not made to be relied on, and must be disregarded if it requires a construction which is repugnant to a sense of justice.

This was a motion to quash the indictment found against the defendant, as president of the First National Bank of Hackensack, under section 5209 of the Revised Statutes. The first count charges that the defendant did embezzle, abstract, and wilfully misapply certain funds and credits of the bank of the value of $5,000.

The second is in the same form, except that it specifies the particular stocks abstracted. Neither count alleges any intent.

It was moved to quash the first count because it was too general in its terms, and both counts because no intent is alleged. The section is as follows:

"Sec. 5209. Every president, director, cashier, teller, clerk, or agent of any association, who embezzles, abstracts, or wilfully misapplies any of the moneys, funds, or credits of the association; or who, without authority from the directors, issues or puts in circulation any of the notes of the association; or who, without such authority, issues or puts forth any certificate of deposit, draws any order or bill of exchange, makes any acceptance, assigns any note, bond, draft, bill of exchange, mortgage, judgment, or decree; or who makes any false entry in any book, report, or statement to the association, with intent, in either case, to injure or defraud the association or any other company, body politic or corporate, or any individual person, or to deceive any officer of the association, or any agent appointed to examine the affairs of any such association; and every person who with like intent aids or abets any officer, clerk, or agent in any violation of this section,—shall be deemed guilty of a misdemeanor, and shall be imprisoned not less than five years nor more than ten."

*Joseph D. Bedle,* for the motion.

*A. Q. Keasbey,* U. S. Atty., *contra.*

McKENNAN, C. J., announced the opinion of the count. He said that as to the first count the object of more specific allegations was to give the defendant full and fair information as to the charge, and to be a bar against another prosecution. It has been usual in this district to hold indictments like this, in the words of the statute, to

be good, and the object of more definite statements can always be reached by an order for a bill of particulars. As to the second count, it is not subject to this objection, but specifies the funds abstracted. These objections must, therefore, be overruled. The other objection applies to both counts. It relates to the want of allegation of intent.

It is urged that the punctuation of the statute shows that as to the first three offences stated, of which the charge in the indictment is one, the intent referred to in the section was not applied, but that it applies only to the last offence of false entries in any book, report or statement. Congress may provide that acts of this character may be punished without allegation or proof of criminal intent, and if such provision is clear the courts must enforce them; but if the provision is repugnant to the sense of justice, and the offence is made very highly penal, as in this case, courts are disposed to give effect to any fair doubt as to the intention.

If it were not for the punctuation, on which the district attorney has laid so much stress, there would be no doubt that the intent mentioned would apply to all the offences mentioned; but in a criminal case, where much is to be allowed in favor of liberty, it is unsafe to rely on a mere matter of punctuation. If these offences were separated only by commas there would be no doubt that the intent with which the section closes would apply to all its divisions. But we think that, as it stands, the fair construction of the act, and the latter part of the section which provides that any one who aids or abets an officer in doing any of the acts with like intent shall be similarly punished, must be to make it necessary to allege and prove the intent as to all. It cannot be supposed that the legislature intended to require more proof against the abettor than was required against the principal; and this part of the statute makes it necessary to construe the preceding part in such a way as to apply the intent to all of the offences, notwithstanding the punctuation of the sentences. Upon these grounds the indictment must be quashed.

Judge Nixon concurred in the result, and said that while the statute would bear both constructions, yet, in a criminal case, where a minimum penalty of five years is inflicted, the most lenient and merciful construction should be adopted.—[New Jersey Law Journal.