UNITED STATES v. BERRY et al.

(District Court, W. D. Virginia. November 19, 1897.)

FALSE ENTRIES BY BANK OFFICER—INDICTMENT.

Under Rev. St. § 5209, prohibiting "every * * * cashier * * * of any" national bank from making "any false entry in any * * * report * * * with intent to injure or defraud," etc., and prescribing a like penalty for "every person who, with like intent, aids or abets any officer," etc., the intent is a material ingredient under each clause; and therefore an indictment which, after duly charging the act and intent in respect to the cashier, merely charges another person with aiding and abetting him to make said false entries "in manner and form as aforesaid," is open to demurrer.

Indictment for violating section 5209 of the Revised Statutes of the United States. On demurrer to the indictment and each count thereof.

A. J. Montague, U. S. Atty.

Caskie & Coleman and W. H. Mann, for defendants.

PAUL, District Judge. The indictment in this case against the defendants, T. D. Berry and Charles L. Mosby, is for violating the provisions of section 5209 of the Revised Statutes of the United States, which prohibits "every president, director, cashier, teller, clerk, or agent of any association" (to wit, any national banking association) from making "any false entry in any book, report, or statement of the association with intent in either case to injure or defraud the association or any other company, body politic or corporate, or any individual person, or to deceive any officer of the association, or any agent appointed to examine the affairs of. any such association," and prescribes a like penalty for "every person who, with like intent, aids or abets any officer. clerk, or agent in any violation of this section." It is charged that in 26 separate instances these defendants (one of them, T. D. Berry, being the president, and the other, Charles L. Mosby, being the cashier, of a national banking association, namely, the First National Bank of Bedford City) did commit one of the acts prohibited by the said section of the Revised Statutes of the United States, by making a false entry in a report of the said association, with intent to injure and defraud, etc. The indictment consists of 52 counts; there being 2 counts to each of the 26 instances in which it is charged that the defendants violated the provisions of section 5209 of the Revised Statutes of the United States quoted above. In the first, third, and every other odd-numbered count of the said indictment, the defendants are charged jointly with committing the offense of making the false entries in the reports of the association. In the second, fourth, and every other even-numbered count in the indictment, Charles L. Mosby is charged with committing the offense of making the false entries in the reports of the association, and T. D. Berry is charged with aiding and abetting him therein. One of these even-numbered counts will serve as an illustration of all the other even-numbered counts charging that Mosby made the false entries, and that Berry aided and abetted him therein:

"Second Count. And the grand jurors aforesaid, upon their oaths aforesaid, do further present that the said Charles L. Mosby heretofore, to wit, the 18th day of July, A. D. 1894, at Bedford City, in the district and circuit aforesaid, the cashier of the First National Bank of Bedford City, Virginia, a banking association theretofore established, and then existing and doing business, under and by virtue of the laws of the said United States concerning national banks, and that the said association, on the day last aforesaid, made to the comptroller of the currency of the said United States a certain report of the condition of the said association at the close of business on the said 18th day of July, 1894, according to a certain form theretofore prescribed by the comptroller of the currency of the said United States for the time being, the same being a report which it was then and there, to wit, on the day and year last aforesaid, by law, the duty of the said association to make to the said comptroller, and being then and there duly verified and attested as required by law. And the grand jurors aforesaid, upon their oaths aforesaid, do further present that the said Charles L.

85 F.—14

Mosby, being cashier of said association as aforesaid, heretofore, to wit, on the 18th day of July, 1894, at said Bedford City, and within the district aforesaid, unlawfully and feloniously did make a certain false entry in said report so made as aforesaid, that is to say, a certain false entry on page three of said report, under the head of 'Checks and Other Cash Items,' in substance and to the effect that at the close of business on the day and year last aforesaid the said association then and there held and had in its possession 'checks and drafts on banks, etc., in' said Bedford City, in the sum of $27,301.98, and that the amount due to said association from said bank or banks in said Bedford City was in the sum last aforesaid, which is false, in this: that in truth the checks and drafts on banks in said Bedford City held by said association were not of the sum last aforesaid, but of a different and much greater sum, to wit, the sum of $30,900; and a certain other false entry on page one of said report, under the head of 'Resources,' in substance and to the effect that the amount of cash moneys then on hand and in the possession of said association, consisting of 'bills of other national banks,' fractional paper currency, nickels and cents, gold coin, gold treasury certificates, silver dollars, silver treasury certificates, fractional silver coin, and legal-tender notes, was in the sum of $9,919.12, which is false, in this: that in truth the amount of said cash moneys was of a different and much smaller sum, to wit, the sum of $3,919.12; he, the said Charles L. Mosby, cashier as aforesaid, then and there, at the time and place of so making the said false entry in said report as aforesaid, well knowing the said entry to be then and there false as aforesaid, and thereby intending to injure and defraud the said association and certain persons to the grand jurors unknown, and to deceive any officer or officers of the said association, and any agent appointed by the comptroller of the currency to examine the affairs of said association. And the grand jurors aforesaid, upon their oaths aforesaid, do further present that T. D. Berry, being then and there president of the association aforesaid, in the district and circuit aforesaid, heretofore, to wit, on the day and year last aforesaid, at said Bedford City, and within the jurisdiction of this court, unlawfully and feloniously did aid, abet, incite, counsel, and procure said Charles L. Mosby, cashier of the said association, so as aforesaid to make said false entries in manner and form as aforesaid, to do and commit, contrary to the form of the statute of the United States in such case made and provided, and against the peace and dignity of the said United States."

The principal ground of demurrer to the 26 even-numbered counts of the indictment which charge Charles L. Mosby with making the false entries in the report of the association, and charge T. D. Berry with aiding and abetting him therein, is that each and all of the said counts fail to charge that such aiding and abetting of the said Charles L. Mosby by the said T. D. Berry was done with intent to injure, defraud, and deceive, and so forth. It is contended in the able argument of the United States attorney that each of the said counts in the indictment specifically charges Berry, the aider and abettor, with the intent to injure, defraud, and deceive, inasmuch as it charges Mosby, the principal, with making the false entries in the report with the intent to injure, defraud, and deceive, and charges Berry with doing everything it charges Mosby with doing, and in the manner and form in which it charges that Mosby did it. The contention is that the words "in manner and form" are sufficient to aver the intent with which Berry aided and abetted Mosby in making the false entries charged to him. The intent to injure, defraud, and deceive is made by the statute a material ingredient of the offense. Without such intent to injure, defraud, and deceive, the acts which Berry is charged with committing would not fall within the provisions of the statute. In U. S. v. Cruikshank, 92 U. S. 542, at page 558, it is said, "Every ingredient of which the crime is composed must be accurately

and clearly alleged." In the same case it is said, "A crime is made up of acts and intent, and these must be set forth in the indictment with reasonable particularity of time, place, and circumstance." In U. S. v. Bettilini, 1 Woods, 654, Fed. Cas. No. 14,587, it is said, "In all indictments upon statutes, all the circumstances which constitute the definition of the offense in the act must be set forth so as to bring the defendant precisely within it." "(1) Where intent is to be proved in order to illustrate the character of the act, * * * the intent must be averred, and must be attached to all the material allegations. (2) Where the intent is to be prima facie inferred from the facts stated, * * * intent, unless part of the statutory definition, need not be specifically averred." Whart. Pl. & Prac. § 163a.

In U. S. v. Voorhees, 9 Fed. 143, where this same section 5209 of the Revised Statutes of the United States was under consideration, the court held that the intent to injure, defraud, and deceive is a necessary element of each of the offenses created by the act. This being so, it must be averred in the indictment. The language of the court is as follows:

"But we think that * * * the fair construction of the act, and the latter part of the section, which provides that any one who aids or abets an officer in doing any of the acts with like intent shall be similarly punished, must be to make it necessary to allege and prove the intent as to all."

The United States attorney states that this indictment was drawn in accordance with the indictment in the case of Cochran v. U. S., 157 U. S. 286, 15 Sup. Ct. 628, and that it was not alleged in that indictment that the aiding and abetting was done with intent to injure, defraud, and deceive, but that the count charging one of the defendants with aiding and abetting was as it is in this indictment. An inspection of that case shows that the failure to allege the intent to injure, defraud, and deceive was not raised, was never before the court, and was not passed upon. That decision, therefore, in this respect, is, of course, not binding authority.

The demurrer to the 26 counts in the indictment numbered 2, 4, and so on, in even numbers, to 52, inclusive, must be sustained, on the ground that they fail to allege that Berry, in aiding and abetting Mosby in the making of the false entries charged, did so with the intent to injure, defraud, and deceive, and so forth. This holding of the court renders it unnecessary to discuss the several other grounds of demurrer assigned to these counts of the indictments. But the court will say that it has carefully considered all of the other grounds of demurrer which have been so elaborately and ably argued by counsel for the defendants, and does not think any of them is well taken. The grounds of demurrer urged to the other 26 counts in the indictment, numbered in the odd numbers, from 1 to 51, inclusive, are not well taken, and the demurrer, as to these counts, is overruled.