## UNITED STATES v. AVILES et al.

(District Court, S. D. California, S. D. April 27, 1915.)

1. INDICTMENT AND INFORMATION ☞86—PLACE OF OFFENSE—SUFFICIENCY.

An indictment for a conspiracy, which alleges the formation of a conspiracy within the jurisdiction of the court, without specifying any particular place therein, and which charges that overt acts occurred at places within the jurisdiction of the court, sufficiently charges the venue, for, in a conspiracy case, it is sufficient to charge that some of the overt acts occurred at a place within the court's jurisdiction.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 230–243; Dec. Dig. ☞86.]

2. INDICTMENT AND INFORMATION ⟨key⟩71—REQUISITES OF INDICTMENT—CONSTITUTIONAL PROVISIONS.

Under Const. U. S. Amend. 6, providing that defendant shall be informed of the nature of the cause of accusation, an indictment must be sufficiently certain as a pleading to enable defendant to make his defense, and to enable him to plead jeopardy to a subsequent indictment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 144, 174, 193, 194; Dec. Dig. ⟨key⟩71.]

3. INDICTMENT AND INFORMATION ⟨key⟩87—TIME OF OFFENSE—SUFFICIENCY.

An indictment for a conspiracy, which sets forth the formation of the conspiracy and the commission of overt acts on or about a certain day in 1914, sufficiently charges the date of the offense, within Rev. St. § 1025 (Comp. St. 1913, § 1691), providing that an indictment is sufficient in matter of form which shall not tend to prejudice defendant, for a date alleged does not confine the prosecution to the proof of the particular date.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 244-255; Dec. Dig. ⟨key⟩87.]

4. CRIMINAL LAW ⟨key⟩662—RIGHTS OF ACCUSED—CONSTITUTIONAL PROVISIONS.

Const. U. S. Amend. 6, providing that defendant shall be confronted with the witnesses against him, only means that defendant is entitled to attend the trial and to hear the witnesses testify, and does not entitle him to a list of the witnesses examined by the grand jury finding the indictment against him.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3, 1538-1548; Dec. Dig. ⟨key⟩662.]

5. COURTS ⟨key⟩337—FEDERAL COURTS—STATE STATUTES.

State statutes or practice, requiring that the names of the witnesses shall be indorsed on the indictment, are not controlling in the United States Courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 908; Dec. Dig. ⟨key⟩337.]

6. CRIMINAL LAW ⟨key⟩629—WITNESSES BEFORE GRAND JURY—RIGHT OF ACCUSED TO LIST.

The court will not, in advance of the trial of a criminal case, not a capital offense, on the motion of accused, require the United States attorney to give him a list of witnesses examined by the grand jury finding the indictment; but when the case is set down for trial, and the trial is imminent, an application for continuance on the ground that accused has not had an opportunity to prepare for trial for want of knowledge of witnesses the prosecution intended to produce requires the court, in the exercise of its discretion, to continue the case or require a list of the witnesses to be given on the facts justifying such action.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1420-1429, 1432-1436; Dec. Dig. ⟨key⟩629.]

Baltazar Aviles and others were indicted for a conspiracy. On motion to quash indictment and to require the United States attorney to give defendants a list of witnesses examined before the grand jury. Denied.

Albert Schoonover, U. S. Atty., and M. G. Gallaher, Asst. U. S. Atty., both of Los Angeles, Cal., for the United States.

Oscar Lawler and Hunsaker & Britt, all of Los Angeles, Cal., J. C. Cannon, of San Diego, Cal., and Rufus V. Bowden, William Barnhill, and Gibson, Dunn & Crutcher, all of Los Angeles, Cal., for defendants.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

TRIPPET, District Judge. This is an indictment for a conspiracy. Certain defendants have moved the court to quash the indictment, and to require the United States attorney to give them a list of the witnesses examined before the grand jury, when the grand jury had under consideration the question of presenting the indictment.

[1] The motion to quash has raised the question that the indictment does not sufficiently charge the venue. The allegation concerning the formation of the conspiracy is simply that it was formed within the jurisdiction of the court, without specifying any particular place or county therein in which the conspiracy was formed. It is not necessary for the court to pass upon the question as to whether such a charge in the indictment sufficiently alleges the venue, for, in a conspiracy case, it is sufficient to charge that some of the overt acts occurred at a place within the jurisdiction of the court. Brown v. Elliott, 225 U. S. 392, 401, 32 Sup. Ct. 812, 56 L. Ed. 1136. In this case several overt acts are charged to have occurred at places within the jurisdiction of the court.

[2] The second proposition is that the indictment is too uncertain. The sixth amendment to the Constitution provides that the defendant shall be informed of the nature and cause of the accusation. The courts have established two principles by which these questions may be decided. Rosen v. U. S., 161 U. S. 30, 16 Sup. Ct. 434, 480, 40 L. Ed. 606. These principles are that the indictment must be sufficiently certain to enable the defendant to plead jeopardy in a subsequent indictment. There is no argument that this indictment does not comply with that principle, and there is no room for argument in that respect.

[3] The second principle is that the indictment must be sufficiently certain as a pleading, to enable the defendant to make his defense. In this regard it is pointed out that the indictment charges that the date of the formation of the conspiracy and the dates of the overt acts are alleged to have been "on or about" a certain day. It is claimed that this is sufficiently uncertain to make the indictment bad, for two reasons:

First, it is claimed that the indictment does not show that the crime is not barred by the statute of limitations. This, however, cannot be maintained, because the charge in the indictment is certain as to the year. The phrase "on or about" does not qualify the allegation that the conspiracy was formed in 1914. There is an authority that a similar expression does not qualify the month, but only qualifies the particular day·of the month. U. S. v. McKinley et al. (C. C.) 127 Fed. 169.

It is well established that an allegation of a date in an indictment does not confine the prosecution to the proof of that particular date; therefore a certain date is not a necessary allegation in an indictment. Section 1025, Rev. St. U. S. (Comp. St. 1913, § 1691), provides that the indictment shall not be held insufficient in matter of form only which shall not tend to the prejudice of the defendant. Under similar statutes, in some states, it has been held that an indictment charging on or before a particular date is sufficient. Many courts have held that the date is a matter of form only. The Supreme Court of the

United States has held that an indictment which alleged the day of the month as follows: "on the ——— day of April, 1906," was a sufficient allegation of the date. Ledbetter v. United States, 170 U. S. 606, 18 Sup. Ct. 774, 42 L. Ed. 1162. For the reasons stated, therefore, the court thinks that the indictment is sufficient on motion to quash.

[4] As to the motion to require the United States attorney to furnish to the defendants a list of the witnesses examined by the grand jury, I will say the Constitution provides (article 6 of amendments) that the defendant shall be confronted with the witnesses against him. This simply means that the defendant is entitled to attend the trial and to hear the witnesses testify. Section 1033 of the Revised Statutes (Comp. St. 1913, § 1699) provides that, in a charge of treason a list of the witnesses shall be furnished to the defendant at least three entire days before he is tried, and in all other capital offenses a list of the witnesses shall be furnished at least two days before the trial. It seems that by this statute Congress has taken a stand upon this very question, and this statute points out the policy of the government in all cases. The enactment of this statute concerning the subject would seem to exclude the idea that the prosecution was required to give a list of the witnesses in any other cases.

[5] California, Oregon, and some other states have statutes which require that the names of witnesses shall be indorsed upon the indictment. These statutes, however, are not controlling in the United States court. Jones v. United States, 162 Fed. 417, 89 C. C. A. 303. The Supreme Court of the United States has decided that the defendant is not entitled to a list of the witnesses. United States v. Van Duzee, 140 U. S. 169, 172, 11 Sup. Ct. 758, 35 L. Ed. 399. There is an old case decided by a United States District Court in New York, holding that it is in the discretion of the court to require a list of witnesses to be given to the defendant. The reason upon which the court based the decision was that it was the practice in the state courts of New York to indorse witnesses upon the back of the indictment. No other reason is given, and it will be seen, from the authorities already cited, that the practice in the state courts does not control in this matter.

[6] If there is any case where the defendant is entitled to a list of the witnesses who are going to testify against him, it is in the case of a conspiracy, and it seems that, in order for the defendant to prepare properly for trial, he ought to have, not only a list of the witnesses that testified in the hearing before the grand jury, but a list of the witnesses that the prosecution expects to call on the trial of the case, at a time prior to the date of the trial that will enable the defendant to properly prepare his case to meet the testimony of such witnesses. One of the reasons, and it seems there are others, which now occurs to the court, is that this indictment charges that certain named defendants conspired among themselves, and with other persons to the grand jurors unknown. Now let us assume, for the sake of the argument, that one of these unknown conspirators is John Doe. Every defendant is bound by any act of any of the conspirators done in furtherance of the conspiracy. Suppose John Doe induces Phœbe Roe to commit

an overt act. The defendants are entitled to time to investigate the character of John Doe and of Phœbe Roe, and to investigate what opportunities they have had to know anything about the alleged conspiracy. There are other reasons that will readily occur to any lawyer. Now, it is the opinion of the court that the court cannot control the conduct of the United States attorney in this matter, any more than he can control the conduct of any other attorney representing a litigant. Nevertheless there will come a time when the court can control the matter in controversy. When this case is set down for trial, and the trial is imminent, if the defendant should apply for a continuance on the ground that he had not had an opportunity to sufficiently prepare for trial because he did not know what witnesses the prosecution intended to produce, it would be then the duty of the court to decide this question, and exercise his discretion, and continue the case, or require a list of the witnesses to be given, if he thought the facts were sufficient to justify such action. The United States attorney says that the witnesses for the Government may be tampered with. The court does not know how to deal with that matter before it arises, but, if the witnesses are improperly approached or tampered with, there is a remedy in behalf of the government. The United States attorney also says that the witnesses may be spirited away, or leave the jurisdiction of the court. The law deals with that situation, and the remedy as provided by the law in that behalf can be invoked by the United States attorney.

At this time the motion for a list of witnesses will be denied, but, after the case is set for hearing, upon a proper showing made, the matter will be reconsidered.