## UNITED STATES v. JENKS.

### SAME v. JENKS et al.

(District Court, E. D. Pennsylvania. June 24, 1919.)

#### Nos. 91, 92.

1. INDICTMENT AND INFORMATION ☞9—PROCEDURE.
 Indictments should not be presented to the grand jury without leave of court, where there appears no real necessity for proceeding without a preliminary hearing before a magistrate or commissioner.

2. INDICTMENT AND INFORMATION ☞86(1)—VENUE.
 An indictment is demurrable which does not set out that the offense charged was committed within the jurisdiction of the court.

3. BANKS AND BANKING ☞256(3)—EMBEZZLEMENT—INTENT.
 Intent to defraud is an essential element of a violation of Rev. St. § 5209, as amended by Act Sept. 26, 1918, relating to embezzlement, etc., by officer, director, agent, or employé of any Federal Reserve Bank or member bank.

4. INDICTMENT AND INFORMATION ☞86(2)—CONSPIRACY—VENUE.
 An indictment for conspiracy is not fatally defective, where it alleges the place where the overt acts are charged to have been done, although the venue of the conspiracy is not set out.

5. CONSPIRACY ☞33—TO DEFRAUD THE UNITED STATES.
 One could not be convicted of conspiracy to defraud the United States, consisting in exercising, under a certain circular issued by the Treasury Department, the privilege of converting First Liberty Loan 4 per cent. bonds into Third Liberty Loan 4¼ per cent. bonds after the time limit set out in the circular had expired, using for that purpose bonds of the United States deposited with the Federal Reserve Bank, unless it be shown that the accused had knowledge of the terms of the circular or of the time within which the conversion privilege could be exercised.

Prosecutions by the United States against Charles N. Jenks, and against Charles N. Jenks and Elmer E. Patton. Upon motions to quash and demurrers. Demurrers sustained.

T. Henry Walnut, Asst. U. S. Atty., and Francis Fisher Kane, U. S. Atty., both of Philadelphia, Pa.

Grover C. Ladner and Wm. A. Gray, both of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. [1] While, in view of the disposition to be made of the demurrers, it is not necessary to pass upon the motions to quash, it may not be out of place to comment upon a practice, which appears to be growing, of presenting indictments to the grand jury without leave of court, where there appears to be no real necessity for proceeding without a preliminary hearing before a magistrate or commissioner. While, under the circumstances in the case of

United States v. Kerr (D. C.) 159 Fed. 185, there appeared to be no reason for quashing an indictment which had been preceded by a hearing had in another district, in that case Judge McPherson said:

"No doubt a prosecution before these tribunals [i. e., federal courts] is ordinarily begun in much the same way as in the criminal courts of the state."

The attitude of the court for this district is in harmony with that outlined by Judge Thomson, of the Western district, in the case of United States v. Wetmore, 218 Fed. 227, where he said:

"In denying the defendants' motion to quash, we do not wish to be considered as lending our sanction generally to the practice of instituting criminal prosecutions by an investigation before a grand jury. The right of a defendant to a preliminary hearing before a magistrate or commissioner, to be informed of the nature of the charge against him, to be confronted with his accuser, and to meet the witnesses against him face to face—these are high prerogatives of the citizen, established by immemorial usage and precedent in the interest of individual freedom; and they should only be departed from in those exceptional or extraordinary cases where the public interest, always paramount, would seem to justify or demand it."

[2, 3] Passing to the demurrers, indictment No. 91 is clearly defective, in that it does not set out that any offense was committed within the jurisdiction of the court, nor does it charge the intent which is an essential element of section 5209, R. S., as amended by Act Sept. 26, 1918, c. 177.

The offense charged must be "with intent in any case to injure or defraud such Federal Reserve Bank, or member bank, or any other company, body politic or corporate, or any individual person, or to deceive any officer of such Federal Reserve Bank, or member bank, or the Comptroller of the Currency, or any agent or examiner appointed to examine the affairs of such Federal Reserve Bank, or member bank, or Federal Reserve Board." The intent is an essential part of the offense. Coffin v. United States, 162 U. S. 664, 16 Sup. Ct. 943, 40 L. Ed. 1109; United States v. Voorhees (C. C.) 9 Fed. 143; United States v. Fish (C. C.) 24 Fed. 585; United States v. Harper (C. C.) 33 Fed. 471; United States v. Berry (D. C.) 85 Fed. 208. The demurrer to indictment No. 91 is sustained.

[4] In indictment No. 92, the first count charges a conspiracy to commit the offense against the United States of embezzling, abstracting, and willfully misapplying certain moneys, funds, and credits of the Federal Reserve Bank of the city of Philadelphia. While the venue of the conspiracy is not set out, the overt acts are charged to have been done at Philadelphia, so that the count is not fatally defective in this respect. There is a failure, however, to aver intent in connection with the charge of embezzlement, abstraction, and misapplication and on that ground count 1 is defective.

[5] In count 2 the defendants are charged with conspiracy to defraud the United States. It is charged that the fraud consisted in exercising, under a certain circular issued by the Treasury Department, the privilege of converting First Liberty Loan 4 per cent. bonds into Third Liberty Loan 4¼ per cent. bonds after the time limit set out in the circular had expired, using for that purpose bonds of the Unit-

ed States deposited with the Federal Reserve Bank. There is no averment that the defendants or either of them had knowledge of the circular, or of the time within which the conversion privilege could with the consent of the Treasury Department be exercised. Unless the prosecution at the trial should bring home knowledge to the defendants of the terms of the circular, it could not be received in evidence. It is an essential element of the fraud alleged, and without it the count is defective.

The third count is subject to the same criticism as the first.

For the reasons stated, the demurrers to both indictments are sustained.