# UNITED STATES

## *v.*

# SANTIAGO.

---

San Juan, Criminal, No. 1196.

STATEMENT OF VENUE.

Venue—Bill of Particulars.

        A bill of particulars is proper to supply details, but not jurisdictional averments, and it is the safer plan to lay venue more definitely than giving the general district.

Opinion filed June 24, 1920.

---

*Mr. D. F. Kelley,* Assistant District Attorney, for the Government.

*Messrs. Francis & de la Haba* for defendant.

HAMILTON, Judge, delivered the following opinion:

The information in this case states that the defendant on or about July 9, 1919, engaged in the manufacture of alcohol "in the said district within the jurisdiction of said court," these being described above. A motion is made to quash on the ground that not stating the exact place where the offense took place is not giving the defendant sufficient notice of the nature and cause of the accusation against him within the meaning of the Constitution.

There is no question that a lack of jurisdictional allegation cannot be supplied by a bill of particulars. Rosen v. United States, 161 U. S. 29, 40 L. ed. 606, 16 Sup. Ct. Rep. 434, 480, 10 Am. Crim. Rep. 251. The question here is, when a crime is charged to have been committed within the district, is it necessary to go on and state the particular place within the district, or can this be supplied by a bill of particulars? The object of such a bill is to supply particulars or details, but not to supply jurisdictional averments. Arguendo the Supreme Court said in Ledbetter v. United States, 170 U. S. 606, 42 L. ed. 1162, 18 Sup. Ct. Rep. 774, that advantage could not be taken in a motion in arrest of judgment of the omission of the town where the offense was committed, the indictment stating the county, but adds a disapproval of the practice, intimating that there was insufficiency as to allegation of time and place. The case of United States v. Aviles, 222 Fed. 474, is quoted by defendant, but merely decides that in a conspiracy it is sufficient to allege the venue of the overt act without stating the place of the conspiracy itself. In Considine v. United States, 50 C. C. A. 272, 112 Fed. 342, the town was mentioned, and the court held that it was not necessary to mention the county.

None of these authorities are directly on the point, but it would seem to be the safer plan to lay venue more definitely than merely by the district. There are an infinite number of places in Porto Rico where the unlawful distilling of alcohol could be had; and merely stating the district, that is to say, the Island of Porto Rico, with all its mountains, hills, and valleys, is hardly within the spirit of the constitutional provision. It seems safer, therefore, to grant the motion.

The motion to quash is sustained. It is so ordered.