UNITED STATES of America

v.

Kurt WEISHAUPT and Kurt Weishaupt
& Co., Defendants.

Crim. A. No. 45513.

United States District Court
E. D. New York.

Nov. 6, 1958.

Lloyd F. McMahon and Robert J. Graham, Jr., for Defendants, for the motion.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., by Warren Max Deutsch, Asst. U. S. Atty., Glen Cove, N. Y., in opposition.

RAYFIEL, District Judge.

On August 12, 1958 a six-count indictment was filed against the above-named defendants.

Count 1 thereof charged them, in violation of the Trading with the Enemy Act, 50 U.S.C.A. Appendix, § 5, and Title 31 C.F.R. 500.201, with wilfully dealing in, purchasing and importing postage stamps, the country of origin of which was China.

Each of counts 2, 3 and 4 charges that the defendants, on the date therein stated, in violation of said Act and Title, wilfully made payment of a sum of money therein mentioned, to a national of China, financial dealings with which were under said Act proscribed.

Count 5 charged that the defendants conspired with others to violate the said Act and Title by wilfully dealing in, purchasing and importing postage stamps, the country of origin of which was China, trade with which was prohibited.

Count 6 charges that the defendants, in violation of Title 18 U.S.C. § 545, knowingly imported into the United States postage stamps, the country of origin of which was China, and received the same after such importation with knowledge that they were imported contrary to law.

The defendants have moved (1) to dismiss count 5 for failure to state venue jurisdiction of this Court, and (2) to dismiss the entire indictment "on the ground that it does not state facts sufficient to constitute an offense against the United States on the ground that the indictment is invalid in that the Statutes and Regulations referred to in the indictment are invalid under the Constitution of the United States and the Amendments thereto and Rule 7(c) of the Federal Rules of Criminal Procedure [18 U.S.C.A.], in that they are so vague, uncertain, indefinite, broad and general as to furnish no ascertainable standard of guilt."

There is no merit in the defendant's claim that Count 5 of the indictment is defective because of its failure to state the venue of the alleged crime. Rule 7(c) of the Federal Rules of Criminal Procedure prescribes the "Nature and Contents" of an indictment. It neither expressly nor impliedly provides that the venue of the alleged offense be stated. It requires, in pertinent part, that "the indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * * It need not contain * * * any other matter not necessary to such statement." Even an error in or the omission of the statute or regulation alleged to have been violated, provision for the citation of which is made in the Rule, is not ground for the dismissal of the indictment, except for reasons not here relevant. Count 5 charges the commission of an offense against the United States. The information claimed to be lacking in the indictment may be obtained through a bill of particulars under Rule 7(f) of said Rules.

None of the cases cited by the defendants in support of their contention holds that venue must be alleged in the indictment. They quote from United States v. Johnson, 323 U.S. 273, at page 276, 65 S.Ct. 249, at page 251, 89 L.Ed. 236, wherein the Court said, "questions of venue in criminal cases, therefore, are not merely matters of formal legal procedure. They raise deep issues of public policy in the light of which legislation must be construed." That is true, but the Court in that case was obviously concerned, not with the requirement of alleging venue, but, rather, with the necessity of providing safeguards as to the *place* of trial for those charged with crime, for it said, 323 U.S. at page 275, 65 S.Ct. at page 250, "aware of the unfairness and hardship to which trial *in an environment alien to the accused exposes him,* the Framers wrote into the Constitution that 'The Trial of all Crimes * * * shall be held in the State where the said Crimes shall have been committed * * *.' Article III, § 2, cl. 3. As though to underscore the importance of this safeguard, it was reinforced by the provision of the Bill of Rights requiring trial 'by an impartial

jury of the State and district wherein the crime shall have been committed.' Sixth Amendment." (Emphasis added.)

In the case of United States v. Provoo, 2 Cir., 215 F.2d 531, also cited by the defendants, the Court has not, as they claim, "made clear" that the failure to *allege* and prove venue is a fatal defect. The Court there said, at page 537, "In a criminal trial in the federal courts venue must be *proved* * * *." (Emphasis added.)

United States v. Brothman, 2 Cir., 191 F.2d 70, cited by the defendants, also involved the question of *proof* of venue, and, hence, is inapposite, as are the remaining cases cited by them respecting venue.

And now to consider the second item of relief sought—the dismissal of the entire indictment.

The defendants base their motion for dismissal of the indictment chiefly on the fact that the statutes therein referred to, as well as the regulations promulgated thereunder, are vague and indefinite, and contain nothing which prohibits "dealing in, purchasing or importing postage stamps." Hence, they contend, Title 31 C.F.R. § 500–24, upon which, in part, the indictment is based, is void "because its limitations and vagueness go to the root of this prosecution".

■■ The regulation in question is entitled "Importation of and dealing in certain merchandise." The defendants claim that the *certain merchandise* prohibited is therein *defined* as "(1) merchandise the country of origin of which is China. * * * Articles which are the *growth, produce, or manufacture of China* shall be deemed for the purpose of this chapter to be merchandise whose country of origin is China * * *." That claim is without merit. The quotation is from subparagraph (a) (1) of Section 500.204 of Title 31 C.F.R. It

appears, from the manner of its quotation, to be part of a single sentence. Actually, it includes the entire pertinent part of the first sentence, and but a small part of the remainder of said subparagraph. That first sentence, read in conjunction with subparagraph (a), unequivocally prohibits the purchase, transportation, importation, or dealing in of *any* merchandise the country of origin of which is China (except Formosa) or North Korea. The remainder of the subparagraph includes among such prohibitions certain specific articles and/or processes of manufacture only part of which have been made or contributed to in China (except Formosa) or North Korea. There is no doubt as to the validity of the regulations, or the power of the Secretary of the Treasury to proclaim them. United States v. China Daily News, 2 Cir., 224 F.2d 670.

■ The defendants contend further that neither the statute nor the regulations prohibit dealing in, purchasing or importing postage stamps, which, they claim, are not merchandise within the meaning of the regulations. They base that contention on the fact that, while more than one hundred articles are named in the regulations, no specific mention is made of postage stamps. That argument is specious, for it was the palpable intent of the regulations to prevent the giving of economic aid and comfort to Communist China by denying her and her nationals, except upon issuance of a license therefor, an American market for their goods, regardless of the nature or character thereof. Landes v. Humphrey, 101 U.S.App.D.C. 16, 246 F.2d 703.

Accordingly, the defendants' motion is in all respects denied.

In determining this application I have given no consideration to matters of an evidentiary character contained in the affidavits submitted herein.