UNITED STATES of America,
Plaintiff,

v.

Layton T. MERRICK, Al L. Waits, James
Junior Cox, and Glenn Morris Daw-
son, Defendants.

Crim. No. 2415.

United States District Court
W. D. Missouri,
Southwestern Division.

Aug. 31, 1962.

F. Russell Millin, U. S. Atty., by John
Harry Wiggins, Asst. U. S. Atty., Kansas
City, Mo., for plaintiff.

Daniel J. Leary, Joplin, Mo., and Jack
L. Eisen, Kansas City Mo., Joe Henbest,
Columbus, Kan., for defendant Layton
T. Merrick.

**930**

BECKER, District Judge.

On May 4, 1962, a nine-count indictment involving counterfeiting activities was filed against the named defendants. Count IX charged that the defendants conspired to violate Title 18 U.S.C.A. § 371, and in furtherance thereof committed twelve described overt acts in the Southwestern Division of the Western District of Missouri.

Defendant Layton T. Merrick has moved to quash count IX for the reason that "it fails to state all material facts and circumstances embraced in the definition of the offense."

■ Under the Federal Rules of Criminal Procedure, motions to quash are no longer permitted. Rule 12(a), Fed.R. Crim.P. 18 U.S.C.A. However, a motion to quash may be considered as a motion to dismiss. United States v. Hearne (E. D.Wis.) 6 F.R.D. 294. It will be so considered and liberally construed to include the particular questions discussed in the cases hereinafter cited. The first of these is venue.

■■ Authority to try the defendant in this District is not defeated by the failure of the indictment to allege that the conspiracy itself occurred within the Western District of Missouri. While the Sixth Amendment to the Constitution of the United States requires that a criminal charge be tried in the state and district wherein the alleged crime was committed, in a conspiracy case the place of trial may be in any state and district where an overt act in furtherance of the conspiracy took place. Brown v. Elliott, 225 U.S. 392, l.c. 400, 32 S.Ct. 812, 56 L. Ed. 1136; Hyde v. United States, 225 U. S. 347, l.c. 367, 32 S.Ct. 793, 56 L.Ed. 1114; Sandroff v. United States (C.A. 6) 174 F.2d 1014, and cases cited therein, l.c. 1019; Robinson v. United States (C. A. 8) 172 F. 105, l.c. 107–109; United States v. Aviles (S.D.Cal.) 222 F. 474, l.c. 476. The indictment here states that " * * * the defendants committed the following overt acts in the Southwestern Division of the Western District of Missouri." Then follows averment of twelve specific overt acts. These averments are sufficient to fix the venue in this District. Butler v. United States (C.A. 10) 197 F. 2d 561, l.c. 563; Lowrey v. United States (C.A. 8) 161 F.2d 30, l.c. 35; Frankfort Distilleries, Inc. v. United States (C.A. 10) 144 F.2d 824, l.c. 831; United States v. Aviles (S.D.Cal.) 222 F. 474, l.c. 476. Therefore the authority of this Court to try the case is sufficiently established by the indictment.

Next the question of the sufficiency of count IX of the indictment to charge a crime is considered.

■ The Sixth Amendment to the United States Constitution provides that the defendant in a criminal case shall be informed of the nature and cause of the accusation. The courts have established two principles by which these questions may be decided. These principles are that the indictment must be sufficiently certain to enable the defendant to plead jeopardy in a subsequent indictment, and sufficiently certain to enable the defendant to prepare and make his defense. Frankfort Distilleries, Inc. v. United States (C.A. 10) 144 F.2d 824, and cases cited therein, l.c. 830.

While at common law it was considered necessary to aver the place of the offense to provide the specifications necessary to allow the accused to make his defense, prepare for trial, and subsequently plead former jeopardy, the modern authorities are much less strict in this respect. United States v. Raff (M.D.Pa.) 161 F.Supp. 276, and authorities cited therein, l.c. 281.

■ In the charging and proof of offenses in conspiracy cases, which of their very nature are secretive and must be discovered and proved from circumstantial evidence without a complete knowledge of every detail, less particularity is required than in other cases. Brown v. Elliott, 225 U.S. 392, l.c. 401–402, 32 S. Ct. 812, 56 L.Ed. 1136. Woitte v. United States (C.A. 9) 19 F.2d 506, l.c. 508, cert. denied, 275 U.S. 545, 48 S.Ct. 84, 72 L.Ed. 417. In each of these cases an indictment which averred merely that the place and

district of the conspiracy were to the grand jurors unknown was sustained.

Several cases are close in point. In United States v. Weishaupt (E.D.N.Y.) 167 F.Supp. 211, l.c. 212, the Court held:

"There is no merit in the defendant's claim that Count 5 of the indictment [conspiracy to violate the Trading with the Enemy Act] is defective because of its failure to state the venue of the alleged crime. Rule 7(c) of the Federal Rules of Criminal Procedure prescribes the 'Nature and Contents' of an indictment. It neither expressly nor impliedly provides that the venue of the alleged offense be stated."

In United States v. Gilboy (M.D.Pa.) 160 F.Supp. 442, l.c. 451, it was said:

"An indictment charging a conspiracy ordinarily is sufficient if it follows the language of the statute and contains a sufficient description of the object of the conspiracy and a sufficient statement of an overt act to effect the object of the conspiracy."

In United States v. Jenks (E.D.Pa.) 258 F. 763, l.c. 764, the rule was stated in this language:

"While the venue of the conspiracy is not set out, the overt acts are charged to have been done at Philadelphia, so that the count is not fatally defective in this respect."

See also Grigg v. Bolton (C.A. 9) 53 F. 2d 158, l.c. 160; Rubio v. United States (C.A. 9) 22 F.2d 766, l.c. 767, cert. denied, 276 U.S. 619, 48 S.Ct. 213, 72 L. Ed. 734; Pope v. United States (C.A. 3) 289 F. 312, l.c. 314, cert. denied, 263 U. S. 703, 44 S.Ct. 33, 68 L.Ed. 515.

█ Only the essential facts must be stated. United States v. Raff (M.D.Pa.) 161 F.Supp. 276, l.c. 281, in which it was said:

"While a charge should be stated with as much certainty as the circumstances permit and an accused reasonably informed as to the time and place so that he may properly prepare to meet and defend the charge, Rule 7(c) requires only that the *essential facts* be averred. The test on motion to dismiss is not whether the charge might be made more definite." (Emphasis added.)

█ In a case such as this, place of conspiracy is not an essential fact required to be averred. The rule appears to be that the place of conspiracy is immaterial, if jurisdiction is fixed by averment of commission of an overt act in the district. Woitte v. United States (C.A. 9) 19 F.2d 506, l.c. 508, cert. denied, 275 U.S. 545, 48 S.Ct. 84, 72 L.Ed. 417, wherein it was said:

"* * * the place of the conspiracy was immaterial, provided the overt acts were committed within the jurisdiction of the court * * *."

See also Pettibone v. United States, 148 U.S. 197, l.c. 202–203, 13 S.Ct. 542, 37 L.Ed. 419; 11 Am.Jur. Conspiracy § 4; 1 Wharton, Criminal Law and Procedure, Conspiracy § 82.

█ In this case the indictment charges a violation of the statute and particular overt acts within the jurisdiction of this Court. If further detail is required to make a defense and prepare for trial, the accused may request a bill of particulars which will be considered when and if filed. 4 Barron, Federal Practice and Procedure § 1913. And with reference to possible jeopardy of subsequent indictment and trial for the same offense, parol evidence is always available to show the subject matter of a former conviction or acquittal. These propositions are sustained by the following authorities: Bartell v. United States, 227 U.S. 427, l.c. 431–432, 33 S.Ct. 383, 57 L.Ed. 583; Case v. United States (C. A. 9) 6 F.2d 530, l.c. 531; Norris v. United States (C.A. 5) 152 F.2d 808, l.c. 811; Lowrey v. United States (C.A. 8) 161 F.2d 30, l.c. 35. It is therefore

ORDERED that the motion of the defendant to quash count IX of the indictment be, and the same hereby is, denied.